McCORD, Acting Chief Judge.
This is a petition for certiorari (administrative review) to the respondent Division of Beverage, Department of Business Regulation, from an amended order of the Director of the Division of Beverage revoking petitioner’s beverage license and an order of the Board of Business Regulation quashing petitioner’s administrative appeal to that body.
The proceedings before the Director were pursuant' to Chapter 120, Florida Statutes 1973 (the old Administrative Procedure Act) and § 561.29, Florida Statutes. Petitioner was charged and found by the hearing officer (designated by the Division to conduct the hearing) to have allowed a convicted felon, one Robert Llewellyn, to have a financial interest in the licensed premises in violation of Sections 561.15 and 561.17, Florida Statutes, and was charged and found to have employed said Robert Llewellyn, a convicted felon in violation of Sections 561.29 and 562.13, Florida Statutes. The hearing officer recommended that “a civil penalty of $750 be assessed against the licensee or in lieu of the civil penalty that the license be suspended for a period of 20 days, and further order that Robert Llewellyn is not to have any control or authority whatsoever with the day-to-day operations of the *744 premises.” The Director of the Division of Beverage approved and adopted the hearing officer’s findings of fact, but disagreed with his recommendation of penalty, stating as follows:
“The licensee had, on a previous occasion, admitted charges and paid a penalty for the presence of the undisclosed interest of Robert Llewelyn on the premises some two years earlier. With this warning, the licensee nevertheless continued to operate in such fashion that in hearing on the present charges, the Examiner found and concluded and we hereby find that the undisclosed interested person, Robert Llewelyn, now convicted of a felony, had received through the business some $20,000.00 (twenty thousand dollars), was responsible for the critical function of supervision of the employees in the entertainment business of the establishment, and is related as a son to the principle officer of the corporation. These facts establish that the recommended penalty of the Hearing Examiner would be insufficient to accomplish the purposes of the beverage law and the duties of this Division in enforcing control over this license holder. The imposition of a mere civil penalty would be insufficient to accomplish those purposes, that penalty being limited by statute to only $1,000.00 (one thousand dollars).”
The Director then revoked the license.
Upon our review of the briefs and record, we find there is competent, substantial evidence to support the order from which review was sought and there was no departure from the essential requirements of law. See Deel Motors, Inc. v. Department of Commerce, Fla.App. (1st), 252 So.2d 389 (1971), and Powell v. Board of Public Instruction of Levy County, Fla.App. (1st), 229 So.2d 308 (1970).
Petition dismissed.
MILLS and SMITH, JJ., concur.