### In re HANSON DREDGING, INC., Debtor.

### WESTINGHOUSE CREDIT CORP., Plaintiff,

### v.

### HANSON DREDGING, INC., Defendant.

Bankruptcy No. 80–00559–BKC–JAG.
Adv. No. 80–0155–BKC–JAG–A.

United States Bankruptcy Court, S. D. Florida.

Sept. 23, 1980.

James E. Foster, c/o Fishback, Davis, Dominick & Bennett, Orlando, Fla., for plaintiff.

Hector Lombana, c/o Schwitalla & Lombana, Coral Gables, Fla., for debtor.

## FINDINGS AND CONCLUSIONS

JOSEPH A. GASSEN, Bankruptcy Judge.

This cause came on for hearing on Westinghouse Credit Corporation's complaint for relief from stay and its motion for adequate protection.

The subject of the complaint and motion is a 40 ton Northwest Model 41 dragline, situated on the banks of the Tombigee River near Aliceville, Alabama. Westinghouse obtained a security interest in the dragline under a Security Agreement dated November 19, 1975 (Plaintiff's Exhibit No. 1) which was properly perfected. In its complaint, it seeks a lifting of the automatic stay to permit it to replevin and foreclose its security interest in the collateral.

No payments are presently being made on the underlying debt. Debtor has no insurance coverage on the dragline. The machine has not been used for a year and one half. It has suffered physical deterioration and may continue to deteriorate.

The court finds that the current value of the dragline is $20,000, the amount listed by the debtor on its bankruptcy schedule A–2, and an admission against interest. *Commercial Banking Corp. v. Martel*, 123 F.2d 846 (2d Cir. 1941). Although Evert Hanson, president of Hanson Dredging, testified at trial that the value was approximately $40,000, the court finds the earlier evidence more credible.

There was considerable dispute over the outstanding balance of the secured debt. Edward Fletcher, accountant for Hanson Dredging, testified that the outstanding debt is approximately $8,500, but this figure did not include late charges, interest on the balance since acceleration, or attorney's fees and costs. The evidence presented by Westinghouse showed an amount of $30,336.41 due as of the date of trial, with $12.47 in interest accruing daily. Defendant disputed Westinghouse's figure as having failed to properly allocate to this debt certain payments made by Hanson Dredging. The court finds, however, on the basis of the entire evidence, that the debtor has no equity in the property.

The debtor has not to date proposed a plan and it is not realistic to assume an effective reorganization is possible. Therefore, the stay will be terminated pursuant to 11 U.S.C. § 362(d)(2).

Furthermore, lack of adequate protection of Westinghouse's interest is a ground for lifting the stay under 11 U.S.C. § 362(d)(1). In accordance with 11 U.S.C. § 362(g), the debtor has the burden of proof on the issue of adequate protection. In light of the absence of any current payments, the depreciation, and the lack of insurance, the debtor has not carried his burden of opposing relief.

Having decided the issues in favor of the party seeking relief, it is not necessary to reach the question of the effect of 11 U.S.C. § 362(e).

Pursuant to B.R. 921, a separate judgment is being entered this date incorporating these Findings and Conclusions.