In the Matter of DISCOUNT WALLPA-PER CENTER, INC. d/b/a Wallpaper City, Debtor.

REED HOLDINGS, INC. d/b/a Reed Wallcoverings, Plaintiff,

v.

DISCOUNT WALLPAPER CENTER, INC. d/b/a Wallpaper City, Defendant.

Bankruptcy No. 81–2107.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

March 10, 1982.

David W. Steen, Tampa, Fla., for debtor.

Domenic Massari, Tampa, Fla., for Reed Holdings, Inc.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 proceeding and the matter under consideration is a complaint filed by Reed Holdings, Inc., d/b/a Reed Wallcoverings (Reed), which seeks relief

from the automatic stay imposed by § 362(a) of the Bankruptcy Code. Count I of the complaint is based upon § 362(d)(1) and (2) and alleges that the Defendant/Debtor, Discount Wallpaper Center, Inc., d/b/a Wallpaper City (Discount), lacks equity in the property, that the property is not necessary for reorganization, and that Discount is unable to furnish adequate protection to the Plaintiff.

The evidence presented at the final evidentiary hearing revealed the following:

The Plaintiff is a manufacturer-wholesaler of wallpaper products and a former supplier of the Defendant. The Defendant/Debtor is a Florida corporation engaged in retail sales of wallpaper and supplies in two stores located in Hillsborough County. On February 18, 1980, the Defendant executed and delivered a promissory note to the Plaintiff in the amount of $118,698.75. To secure the payment of this note, the Debtor also granted a security interest in presently owned and after acquired inventory, equipment, fixtures, accounts, contract rights and chattel paper. In April of 1980, the Plaintiff perfected its security interest in the collateral by filing a UCC–1 financing statement with the Secretary of State.

Subsequently, the Debtor defaulted under the terms of the note and the Plaintiff elected to accelerate the entire amount due. The present balance due the Plaintiff, including principal and interest, is approximately $90,000.

■ The parties have stipulated that the amount due under the promissory note exceeds the value of the inventory and the other collateral. It is clear that if the Plaintiff is permitted to foreclose on its security interest that the Debtor's prospects for an effective reorganization will be nil. Although it is equally clear that the Plaintiff has carried its burden with respect to the lack of equity in the subject property, that component, standing alone, does not entitle the Plaintiff to relief from the stay. It is also true that a bare assertion by the Debtor that the property involved in the controversy is necessary to its survival,

without more, is insufficient to carry the burden placed upon the Debtor by § 362(g)(2). In order to succeed in resisting the relief sought by the Plaintiff, the Debtor must offer some evidence that an effective reorganization is, in fact, a realistic possibility. *In re Dublin Properties*, 12 B.R. 77 (E.D.Penn.1981).

Considering the evidence as developed at the evidentiary hearing, together with the record of this Chapter 11 reorganization case, this Court is satisfied that the Plaintiff is not entitled to the relief it seeks at this time for the following reasons:

■ This business reorganization was commenced by the Debtor on November 12, 1981. On February 12, 1981, this Court entered an order on the Motion of Reed which sought to prohibit the use of cash collateral and ordered the Debtor, as a condition to its right to use cash collateral, to pay to Reed $1,000 per month for the months of February and March and the sum of $2,000 for the month of April and each month thereafter. At the time the hearing was held in this cause, the exclusive time for filing a plan of reorganization, pursuant to § 1122 was about to expire. While the record reveals that the Debtor failed to file a disclosure statement pursuant to § 1128 and the plan of reorganization, it should be given a short period of time to do so in order to be entitled to the continuing protection of the automatic stay. So far, there is nothing in this record which indicates that the affairs of this Debtor are so hopelessly beyond salvage that it will not be able to effectuate a reorganization of its business if given a reasonable opportunity to do so. While it is true and, it is conceded, that Reed is under secured in that the balance due to Reed is greater than the current value of the inventory, the Debtor did establish that the inventory, fixtures and equipment are necessary for an effective reorganization. There is no doubt that if the collateral is lost, the Debtor's business will be destroyed and there will be no business remaining which could be reorganized. Since this Court is satisfied that there is a realistic possibility that the Debtor may be

able to effectuate a reorganization, Reed is not entitled to the relief it seeks under § 362(d)(2) of the Code at this time. Since the question of lack of adequate protection already has been dealt with by the order of February 12, Reed cannot obtain relief under § 362(d)(1) at this time. Nothing in this order shall be construed to prevent Reed to reapply for additional relief if it appears to be warranted due to changed circumstances.

Finally, Count II of the complaint seeks a determination of the value and extent of the Plaintiff's security pursuant to § 506(a) of the Code. The Court is satisfied that the question of valuation should be dealt with in a separate order after notice and hearing, if necessary.

A separate final judgment will be entered in accordance with the foregoing.