In re Francis G. MARTIN, Jr. and Claudia H. Martin, Debtors.

Richard A. HAAS and Joy C. Haas, Plaintiffs,

v.

Francis G. MARTIN, Jr. and Claudia H. Martin, Defendants.

Bankruptcy No. 81–03353 T. Adv. No. 81–1638.

United States Bankruptcy Court, E. D. Pennsylvania.

April 15, 1982.

Alexander Henderson, III, Lancaster, Pa., for plaintiffs.

James R. Leonard, Jr., Lancaster, Pa., for defendants.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This matter comes before us on a complaint filed pursuant to 11 U.S.C. § 362(d) for relief from the automatic stay imposed by § 362(a) following debtors filing a petition under Chapter 11 of the United States Bankruptcy Code on August 21, 1981. The plaintiffs seek to modify the stay to allow them to foreclose on real estate owned by the debtors upon which the plaintiffs hold a mortgage. The plaintiffs allege that their interest in the property is not adequately protected, and that debtors have no equity in the property and no prospects for reorganization. Debtors assert that there is a sufficient equity cushion in the property to protect plaintiffs and that the real estate is necessary to an effective reorganization. For reasons hereinafter given, we will lift the stay in this case.[1]

The plaintiff-creditors, Richard A. Haas and Joy C. Haas sold defendant-debtors, Francis G. Martin, Jr., and Claudia H. Martin, 34 acres with improvements located in Lancaster County, Pennsylvania on June 13, 1979, for $235,000.00. Plaintiffs took back a mortgage on the premises. Subsequently, plaintiffs released 15 acres so that defend-

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

ants could borrow money from Fulton Bank to make a principal payment to plaintiffs. Fulton Bank has a first mortgage on this plot, identified in the proceedings as Lot 10, in the amount of $80,000.00. Plaintiffs are presently owed $98,350.00 in principal and $20,000.00 in interest secured by the remaining 19 acres, Lots 1–9 and Lot 11. Fulton Bank has a second lien on this property in the amount of $150,000.00 plus interest as of the date of filing.

Defendants had subdivided the real estate with the intention of developing and selling it. Defendants have been attempting to market the property since acquiring it and have had no offers on any parcel. Defendants have filed a plan of reorganization and disclosure statement which entail the sale of the property, exclusive of defendants' residence and three surrounding acres, over a two year period. The defendants anticipate refinancing their residence to cover the deficiency between the revenue generated by the sales and the amount of secured claims. We are consolidating the preliminary and final hearings in the hearing held on December 15, 1981.

## FINDINGS OF FACT

Based upon the pleadings and testimony in this case we make the following findings of fact.

1. There is not a sufficient equity cushion in the property to constitute adequate protection of the plaintiffs' interest in the property.

2. The defendants have offered no other protection to the plaintiffs of their interest in the property.

3. The defendants have no equity in the property.

4. The property is not necessary to an effective reorganization in that an effective reorganization is not feasible under the plaintiffs' proposed plan.

## DISCUSSION

11 U.S.C. 362(d) sets forth two grounds upon which a complaint to modify the stay can be based. Plaintiffs herein have alleged both grounds. § 362(d)(1) allows the stay to be modified "for cause, including the lack of adequate protection of an interest in property of [such] party in interest." With respect to an act against property § 362(d)(2) allows modification if "the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization." The burden of proof on these issues is allocated by 11 U.S.C. 362(g):

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

To meet their burden in the case at bar, plaintiffs presented testimony by two real estate appraisers which established that Lots 1 through 9 had a fair market value range of $120,000.00 to $131,000.00. Defendants' appraiser valued these lots at $195,000.00 to $215,000.00. Although the appraisal of real estate is an inexact science, we are persuaded that the plaintiff's average of $125,500.00 is a more realistic figure than the defendants' range. The detailed appraisals submitted by the plaintiffs as evidence rely upon the market approach and use comparable sales. Their conclusions appear to be sound. Plaintiffs have not controverted the value placed on Lot 11 by defendants' appraiser and we accept his average figure of $16,000.00 for this property. Defendants' appraiser values Lot 10, the defendants' residence and surrounding acreage, at $125,000.00 to $145,000.00. Lacking any evidence to the contrary we accept the average of $135,000.00 as representing the fair market value. The total value of the real estate as established by the evidence is $277,500.00. In light of the sales price of $235,000.00 in June, 1981, when the plaintiffs transferred the property to the defendants, this valuation appears to be reasonable. Defendants' own testimony and disclosure statement indicates liens on the property of approximately $348,000.00. It follows that plaintiffs have met their burden of proving that defendants have no equity in the property.

■ The stay will not be lifted if defendants can show that the property is necessary to an effective reorganization. In view of the fact that the hearing before us was in the nature of a preliminary hearing, the defendants are only required to present enough evidence to prove that there is a reasonable likelihood that they would prevail at a final hearing under § 362(d). The test that we have applied in examining the evidence is whether the defendants have demonstrated that there is a reasonable probability that they will be able to propose a plan that will result in a successful reorganization. *In re Dublin Properties* 12 B.R. 77 (Bkrtcy.E.D.Pa.1981). A basic principle which has been established by the case law on this issue, and which we now adopt, is that the debtor must establish that an effective reorganization is feasible as part of the groundwork of proving that the property in question is necessary to an effective reorganization. *In re Aries Enterprises, Ltd.,* 1 C.B.C.2d 1069, 6 B.C.D. 280, 3 B.R. 472 (Bkrtcy.D.D.C.1980), *In re Castle Ranch of Ramona, Inc.,* 5 B.C.D. 1386, 3 B.R. 45 (Bkrtcy.S.D.Cal.1980), *In re Hanson Dredging, Inc.,* 6 B.R. 230 (Bkrtcy.S.D.Fla.1980), *In re Gilece,* 7 B.R. 469 (Bkrtcy.E.D.Pa. 1980).

The defendants in the case at bar have filed a plan of organization the success of which is contingent on their ability to sell most of their real property at prices which appear to be unrealistically high in light of the testimony. Defendants have been unable to sell any of the property to date although they have been attempting to do so for two years. They have received no offers on any lot although they have held an auction and have had the properties listed with a real estate broker. Defendants' plan also envisions a refinancing of their residence because there would be a deficiency between the liens against the property and the revenue generated by sales even at the highest suggested price. No evidence was presented on the likelihood of defendants' success in refinancing. The current economic condition and the depressed real estate market are two factors which must be acknowledged in reviewing the feasibility of defendants' plan. The property does consist, in part, of a working orchard but the revenues generated by it do not add appreciably to defendants' income as evidenced by Mr. Martin's testimony that their total income after living expenses was approximately $250.00 a month. For these reasons we conclude that defendants plan of reorganization is not feasible and, therefore, that the property is not necessary to it.

■ Plaintiffs have met its burden under 11 U.S.C. § 362(g) and have satisfied the requirements of § 362(d)(2). They are entitled to a modification of the stay. *In re East Redley Corp.* 4 B.R. 288 (Bkrtcy.1980). We note further that defendants have not demonstrated that plaintiffs are adequately protected under § 362(d)(1). The equity cushion which, given defendants' best case, the plaintiffs would have to rely on is a ratio of approximately 10 percent. The real estate taxes and insurance on the property are not being paid. Interest payments are continuing to accrue at a rate higher than the appreciation of the real estate. While an equity cushion in and of itself may constitute adequate protection under § 362(d)(1),[2] the leverage ratio would have to be far greater than it is in the case in view of the surrounding circumstances. *Matter of Lake Tahoe* 5 B.R. 34 (Bkrtcy.D. Nev.1980).

For the above reasons, we will grant the relief demanded in plaintiffs complaint and lift the stay as to Lots 1 through 9 and Lot 11.

---

**2.** Collier on Bankruptcy, 361.02(3) at p. 361-10 (15th Ed. 1979). *In re Pitts* 5 B.C.D. 1129, 2 B.R. 476 (Bkrtcy.1979).