## In re Paul K. GAMBLER and Carol S. Gambler, his wife.

### Bankruptcy No. 80–00584 T.

United States Bankruptcy Court,
E. D. Pennsylvania.

May 19, 1982.

**4**

Raymond Kleiman, Harrisburg, for plaintiff.

Milton Lowy, Allentown, for defendant.

### OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This matter is presented to the Court upon a creditor's complaint seeking modification of the automatic stay pursuant to 11 U.S.C. § 362. For reasons hereinafter given, we will modify the stay.[1]

The facts are as follows: the plaintiff Kennedy Mortgage Company[2] (hereinafter, "Kennedy") holds a mortgage on the residence of the debtors, Paul K. Gambler and Carol S. Gambler. The real estate is located at 201 Lockridge Lane, Alburtis, Pennsylvania. The Kennedy mortgage in the amount of $33,350.00 was recorded on June 15, 1979 in Lehigh County. The Gamblers defaulted on the mortgage in August, 1979 and filed a Chapter 7 petition in Bankruptcy on March 21, 1980. A sheriff's sale of the real estate was scheduled for March 28, 1980. Kennedy seeks to have the automatic stay imposed by 11 U.S.C. § 362 as of the date of the filing of the petition lifted to allow it to proceed in foreclosure against the real estate. The Gamblers allege that the property is worth $48,000.00 and that they have equity above Kennedy's claim for $47,788.64. The parties have been unable to reach a reaffirmation agreement. No payments have been made on the debt since July, 1979. The hearing on this matter was held on April 20, 1982.

Relief from the automatic stay may be granted "for cause, including the lack of adequate protection of an interest in property" 11 U.S.C. § 362(d)(1). The facts of the case before us establish that cause exists to modify the stay. The Gamblers have made no payments to Kennedy in 34 months. Their equity cushion of approximately $200.00 exists solely by virtue of the fact that they have continued to reside in the property while it appreciated. In view of the slow real estate market, of which we take judicial notice,[3] it is not likely that the increase in value of the property will keep pace with the interest and late charges accruing to Kennedy. We find that Kennedy's interest in the property is not being adequately protected.[4] In addition, cause to lift the stay is also established by the evident inability of the Gamblers to make any payments on the debt or to reach a reaffirmation agreement.

For these reasons, we will grant the relief request by Kennedy in its complaint.

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Kennedy Mortgage Company is currently operating under Chapter 11. NCNB Mortgage has been granted authority by Robert Larson, Trustee, to pursue this account as Kennedy's successor in interest.

3. The Legal Intelligencer, May 17, 1982, at 26, Col 3.

4. *Haas v. Martin*, 19 B.R. 496 (Twardowski, B.J., Bkrtcy.Pa., 1982).