In re GARDEN MOTOR LODGE AND RESTAURANT, INC., Debtor.

UNITED STATES of America, By and Through the SMALL BUSINESS ADMINISTRATION, Plaintiff,

v.

The GARDEN MOTOR LODGE AND RESTAURANT, INC., Defendant.

Bankruptcy No. 82–264.
Adv. No. 83–0042.

United States Bankruptcy Court, D. Vermont.

July 1, 1983.

George T. Faris, IV, Montpelier, Vt., for plaintiff.

Jerome I. Meyers, Springfield, Vt., for defendant-debtor.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This adversary proceeding was brought by the Plaintiff for Relief from the Automatic Stay prescribed by § 362 of the Bankruptcy Code so that it can proceed with the foreclosure of a real estate mortgage and a security interest in personal property owned by the Debtor, The Garden Motor Lodge and Restaurant, Inc.

### FACTS

The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on November 15, 1982. The Plaintiff is listed in the schedules as a secured creditor.

The real estate mortgaged to the Plaintiff consists of two parcels of land known as The Garden Motor Lodge and Restaurant, Inc. located on the easterly side of Route 5 in the Town of Bradford, Vermont. Part of the land consists of a strip development with two or three hundred feet frontage for commercial operation and the entire parcel comprises about 11 acres which in the rear abuts the Boston and Maine Railroad. The buildings on the land conform to the general strip development and they consist of one large two-story dwelling which is usually unoccupied but is used as a residence in the summertime by the President of the Debtor Corporation, Helen E. Langworthy, and by Gerald Stockman with whom she has resided for the past five years. In addition, there is a restaurant building which is well maintained as well as a wagon shed which is being converted into seven motel units of which one unit has been completed. Of the remaining six units only one has electricity but none has interior finish. The restaurant is equipped.

The value of the land containing 11 acres is $50,000.00, while the entire value of the property, including lands and buildings, is $285,000.00. The value of the entire personal property owned by the Debtor is $57,-000.00, for a total valuation, including both land and personal property, of $342,000.00. The total sum due from the Debtor to the Plaintiff under the real estate mortgage and security interest in personal property as of June 2, 1983, including principal and interest, was $298,569.75. Interest is accumulating at the rate of 17.00% per annum. In addition to the real estate and personal property liens held by the Plaintiff, the property is subject to a mortgage in favor of Bradford National Bank in the principal sum of $10,000.00; to a mortgage in favor of James Langworthy, former husband of the President of the Corporation, in the sum of $12,000.00 to secure payment of alimony; to a mechanic's lien of Oakes Brothers in the sum of $8,452.00; to a lien for real estate taxes for about $4,000.00 payable to the Town of Bradford. The Debtor has made no payments to the Plaintiff, none to Mortgagee, James Langworthy, and none to the other lien holders since the date of the filing of the petition for relief on November 15, 1982. It has not paid its 1983 taxes to the Town of Bradford amounting to $4,245.00. Although it has paid the current taxes to the Internal Revenue Service and to the State of Vermont for meals and rooms, there remain unpaid withholding taxes to the Internal Revenue Service for 1981 in the sum of $7,000.00, withholding to the State of Vermont in the sum of $1,626.00 and prior rooms and meals taxes to the State of Vermont for $6,276.00.

The Debtor has unsecured indebtedness amounting to $42,346.00. Included in this indebtedness is an outstanding obligation for construction in the sum of $32,200.00 as well as advertising bills and the cost of supplies.

The completion of the Debtor's project requires a capital investment of $50,000.00 which the Debtor expects to raise from its cashflow and from Gerald Stockman who would furnish labor and material, he being in the construction business.

Since the filing of its petition for relief the Debtor has failed to submit to the Court the monthly statements required under the Bankruptcy Code and, as a result, a correct determination cannot be made as to whether there is any cash on hand with which to complete the project. When the Debtor first made application to the Plaintiff, Small Business Administration, for a loan it was turned down for the reason that the projections submitted did not point toward a successful operation. A subsequent application was made and the Debtor at that time submitted projections to support a loan of $230,000.00 which was approved. However, the projections did not hold up and the actual income received by the Debtor for 1982 was only 46% of the projected income. In its projections for 1982 the Debtor showed an anticipated profit of $16,601.00 whereas its operation actually incurred a loss of $10,000.00.

The Debtor has submitted projections of income and expense for 1983 which show after all payments, including mortgage principal and interest, taxes and licenses, a net profit of $26,746.00. However, based on prior projections those for 1983 are unreliable. Further, on the basis of data which has been submitted to the Small Business Administration the operation of the Debtor cannot continue as a viable business.

## DISCUSSION

Each party improved as an expert witness, an appraiser, i.e. Anthony Jerome Tennien on behalf of the Plaintiff and Bruce A. Taylor for the Debtor. The Plaintiff's witness testified that the total value of the real estate is $285,000.00 and of the personal property $57,000.00 for a total of $342,000.00. On the other hand Appraiser Taylor testified that the actual value of the real estate is $350,000.00 with the personal property not included. Upon consideration of the data factored into the analysis made by each appraiser and of the various approaches used in reaching the calculations as to value, the Court is inclined to conclude that the valuation placed upon the property of the appraiser for the Plaintiff is more accurate. As against the total valuation of $342,000.00 there are liens amounting to $337,221.75 which includes the real estate taxes for 1983. The net result is that there is little or no equity in the property of the Debtor. Furthermore, without an infusion of capital from an outside source it seems evident that the Debtor can neither provide the Plaintiff with adequate protection nor can it continue as a viable business.

Section 362(d) of the Bankruptcy Code deals with the termination or modification of the automatic stay and reads as follows:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

"(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

"(2) with respect to a stay of an act against property, if—

"(A) the debtor does not have an equity in such property; and

"(B) such property is not necessary to an effective reorganization."

Under the foregoing the plaintiff will prevail if either of two alternatives exist: (1) lack of adequate protection or (2) lack of equity in the property and its not being necessary for an effective reorganization. The record substantiates the plaintiff's position on both grounds, especially when considered in the light of the burden of proof. § 362(g) imposes on the plaintiff the burden of establishing lack of equity

whereas the debtor, in opposing relief, has the burden on all other issues, namely, adequate protection and the need of the property for an effective reorganization.

There is no precise definition in the Code for the term "adequate protection." However, Section 361 indicates that adequate protection may be provided by:

(1) requiring ... periodic cash payments ... to the extent that the stay ... results in a decrease in the valuation of such entity's interest...

(2) providing to such entity an additional or replacement lien to the extent that such stay ... results in a decrease in the value of such entity's interest ...

(3) granting such relief ... as will result in the realization by such entity of the indubitable equivalent of such entity's interest...

The debtor, at the hearing, submitted no testimony to support the furnishing of adequate protection and, in the absence thereof, it has not met its burden of proof in this respect. The defendant might make the argument, based on the testimony of its expert, that there is sufficient equity in the property to give the plaintiff adequate protection. However, the court has not accepted the valuation of the property placed upon it by the defendant's appraiser. Rather it deems that of Appraiser Tennien as more accurate and based on that there is such insignificant equity in the property as to constitute none especially when the monthly interest of $4,200.00 to the plaintiff as well as that of other lien holders is added to the indebtedness as of June 2, 1983.

Even with equity the stay will be terminated if the debtor fails to establish that the property is necessary for an effective reorganization. The key word is "effective". There must exist a reasonable possibility of a successful reorganization within a reasonable time. *In Re Fortin* (Bkrtcy.D.Conn.1979); * *In Re Terra Mar Associates* (Bkrtcy D.Conn.1980) 3 B.R. 462; *In re Riviera Inn of Wallingford, Inc.* (Bkrtcy D.Conn.1980) 7 B.R. 725. See also

*In Re Dublin Properties,* 12 B.R. 77, 4 C.B. C.2d 885, 889 (Bkrtcy.E.D.Penn.1981), as follows:

" ... that in order for property to be necessary for an effective reorganization of a debtor it must be demonstrated that an effective reorganization is possible. If no reorganization of a debtor is feasible, then no property of that debtor can be necessary for that end. See e.g. *In Re Riviera Inn of Wallingford, Inc.,* 7 B.R. 725 (D.Conn.1980)." (other citations omitted.)

The Court is convinced that the debtor cannot afford the plaintiff adequate protection, has negligible equity in the mortgaged property and is in such a financial state that it cannot continue as a viable business so that the property would be necessary for a successful reorganization. Accordingly,

IT IS ORDERED as follows:

1. The automatic stay prescribed by § 362 of the Bankruptcy Code is hereby terminated.

2. The plaintiff may proceed to foreclose its real estate mortgage and its security interest in personal property of the Debtor.