**In re BELLINA'S RESTAURANTS II, INC., Debtor.**

**Bankruptcy No. 85–01061–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

June 21, 1985.

Harold Friedman, Miami, Fla., for William W. Segal.

Leroy Culton, Miami, Fla., for Paul M. Marmish, Trustee.

A. Lester Langer, Coral Gables, Fla., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came on to be heard on June 5, 1985 on the Motions of William W. Segal and Paul M. Marmish, Trustee for Pasta Wholesalers No. III, Inc.; each requesting relief from the automatic stay. The Court held a hearing and received testimony, documentary evidence and stipulations and then heard argument of counsel. The Court finds as follows:

### FINDINGS OF FACT

1. The parties stipulated to the following facts:

(A) The Debtor presently is indebted to Movant William W. Segal for rent due on the premises located at 1559 Sunset Drive, Miami, Dade County, Florida, in the amount of $15,666.85, representing the following:

| | |
|---|---|
| Rent due—March, 1985 | $ 3,279.15 |
| Sales Tax | 163.95 |
| Rent due—April, 1985 | 3,279.15 |
| Sales Tax | 169.95 |
| Rent due—May, 1985 | 3,279.15 |
| Sales tax | 169.95 |
| Rent due—June, 1985 | 3,279.15 |
| Sales tax | 169.95 |
| Late charge in accordance with Paragraph 29 of the Lease | 1,200.00 |
| Real estate proration assessment in accordance with Paragraph 30 of the Lease | 694.45 |
| | $15,666.85 |

(B) The persons described in Exhibit "A" attached to the "unilateral statement of facts which Petitioner believes to be uncontested," filed by Segal at the hearing on this matter, have valid security interests against the property of the Debtor.

(C) The following have security interests in the Debtor's property in the amounts herein reflected:

| | |
|---|---|
| National Bank of South Miami—approx. | $20,000.00 |
| (Petitioner's Exhibit No. 5, page 8) | |
| Paul M. Marmish, Trustee— | 76,249.51 |
| (Petitioner's Exhibit No. 2) | |
| Installment Contract Hobart Corp. | 2,763.79 |
| (Debtor's Petition, page 4) | |
| Installment Contract Miami Ice Co. | 724.50 |
| (Debtor's Petition, page 4) | |
| Denrich Leasing | 1,438.17 |
| (Petitioner's Exhibit No. 5, page 17) | |

(D) The Debtor owes approximately $95,000.00 to Internal Revenue Service, representing monies withheld from employees' salaries from March, 1984, the date on which the business started. (Petitioner's Exhibit No. 5, page 12).

(E) The Debtor owes approximately $45,000.00 to Florida State Department of Revenue, representing sales tax due. (Petitioner's Exhibit No. 5, page 13).

(F) Roderick Andrew McClain is attorney in fact and managing executive of the Debtor, but is not an officer of the corporation.

(G) Roderick Andrew McClain is the same person who was convicted in District Court for the Eastern District of Michigan, Northern Division, Case No. 83–CR8605, of conspiring to traffic in the sale and distribution of cocaine. He was sentenced to federal prison on December 13, 1983, for a period of ten years. An appeal has been taken with the Sixth Circuit Court of Appeals. Meanwhile, he is presently free on bond.

2. The testimony of Movant Segal's appraiser regarding the value of the furniture, fixtures and equipment, based on replacement value, is no more than $44,714.00. The debtor's liquor license is a 4 COP SRX license, which is not severable and may not be separately sold or transferred to a new premises. The Court takes judicial notice that such a license has little or no value beyond the cost or fee to obtain it. Whatever value the license has, it ap-

pears to be in peril, as more fully explained hereinafter.

3. William W. Segal and Pasta Wholesalers No. III, Inc. entered into a lease, dated August 19, 1982, for premises located at 1559 Sunset Drive, Coral Gables, Florida. Initially, the rent was $3,000.00 per month with a clause in Paragraph 31 providing for an annual adjustment based on the CPI to be applied, commencing on November 1, 1983 and adjusted each year thereafter. This same lease was assigned by Pasta Wholesalers No. III, Inc. to Bellina's Restaurants II, Inc. The terms of the assignment amended the lease to reduce the security deposit from $18,000.00 to $12,000.00 and to subordinate the Landlord's lien on the personal property, equipment, inventory and licenses, and the leasehold interest of the Assignee to a purchase money mortgage in favor of Pasta Wholesalers No. III, Inc. At the time of the hearing, the lease was $15,666.85 in default, including both pre-petition and post-petition rent. The stipulated outstanding secured debt against the leasehold, the furniture, fixtures and equipment, and beverage license, is $256,842.82. On May 14, 1985, the Debtor filed a voluntary petition for relief under Chapter 11. Attached thereto was a compilation statement of the assets of Bellina's Restaurants II, Inc. This compilation was originally a report to the board of directors of Debtor, with balance sheet as of 9/30/84. LaPadula, Gordon and Company, certified public accountants, 1450 Madruga Avenue, Suite 407, Coral Gables, Florida 33146, prepared and transmitted the report by their cover letter of November 3, 1984. The statement is unaudited and the transmittal letter disclaims responsibility for the data and acknowledges "certain departures from generally accepted accounting principles." The balance sheet in this compilation shows the following:

| Furniture & Fixtures | Kitchen Equipment | Leasehold Improvements | Less Accum. Depreciation | Leasehold Interests |
|---|---|---|---|---|
| $57,715.98 | $61,950.71 | $14,702.93 | [$14,833.16] | $107,693.62 |

The Debtor's own figures show total valuations of $262,229.15. (The statement also reflects the valuation of the liquor license at $20,000.00. The Court has judicially noticed this valuation as appropriate for a 4 COP license but as totally inapplicable to a 4 COP SRX license.) The Court also notes the disparity in the testimony between the competent appraiser that the maximum value of the furniture, fixtures and kitchen equipment was $44,714.00, as opposed to the Debtor's figures, which are in excess of $110,000.00. Even the slightest adjustment of these figures between the appraisal and the Debtor's figures establishes the collateral value to a valuation less than the undisputed indebtedness. Movant Segal's and Movant Marmish's burdens of proof have been carried on the issue of lack of equity. The use of the amounts listed by debtor in its bankruptcy schedule is appropriate. *In Re Hanson Dredging, Inc.*, 6 B.R. 230, 231 (Bankr.S.D. Fla.1980).

4. The undisputed testimony and stipulated facts further establish that Roderick Andrew McClain is the same person who was convicted in District Court for the Eastern District of Michigan, Northern Division, Case No. 83–CR8605, of conspiring to traffic in the sale and distribution of cocaine. The Court takes judicial notice that this represents conviction of a felony. The Court takes further judicial notice that on May 31, 1985, Bellina's Restaurants II, Inc. filed a Motion for Protective Order in this proceeding, stating that Mrs. Elizabeth McClain, an invalid confined to a wheelchair, has given to Roderick Andrew McClain a power of attorney on "all matters" concerning Bellina's Restaurants II, Inc. This power includes the day-to-day operation of the corporation. Furthermore, she disclaims any particular knowl-

edge of the day-to-day operation of the business. This lack of knowledge includes the inability to answer questions concerned with ".... insurance, taxes, equity, the lease, or any other matters." The Court takes further judicial notice that the voluntary petition, filed in this cause on May 14, 1985, was signed by Rod McClain, attorney in fact, and that the corporate resolution (Exhibit "C" attached to said voluntary petition) was also signed by Rod McClain, attorney in fact on behalf of the Board of Directors. The stipulation in evidence confirms that Roderick Andrew McClain is attorney in fact and managing executive of the Debtor; even though he is not an officer of the corporation. These facts support a justifiable concern that the Debtor's beverage license, 4–COP SRX, may well be revoked because said Rod McClain is a convicted felon. See: *Robbie's Yum Yum Tree W., Inc. v. Division of Bev., etc.*, 330 So.2d 743 [Fla.App. 1st 1976].

5. The Debtor has failed in its burden of proof to show that it can provide adequate protection, having submitted no testimony to support such finding. *In Re Garden Motor Lodge and Restaurant, Inc.*, 34 B.R. 138, 141 (Bankr.Vt.1983).

6. The Debtor has also failed to establish that the property is necessary for an effective reorganization. The key word here is "effective." The Debtor must show the existence of a reasonable possibility of a successful reorganization within a reasonable period of time. The facts establish that the Debtor has been unable to pay its rent for at least four months. The Debtor has been unable to pay its purchase money mortgage to a point where the purchase money mortgagee commenced foreclosure and proceeded to final judgment. The Debtor has not paid approximately $95,000.00 in trust funds due the Internal Revenue Service, representing monies withheld from employees' salaries. The Debtor has not paid the State of Florida approximately $45,000.00 in sales taxes. The Debtor's schedules of its twenty largest unsecured creditors show that it has been unable to keep current with its payments to the gas company (Creditor 3), to the electric company (Creditor 7), and to the waste collector (Creditor 18). The Debtor has failed to persuade the Court that an effective reorganization is possible. The Court can only conclude that the position of secured creditors further deteriorates with the passage of time. There is clearly no reasonable likelihood of rehabilitation. The Debtor has no unencumbered assets, which may serve as collateral for refinancing. There has been no evidence of any source of additional capital. *In Re Pappas*, 17 B.R. 662, 666 (Bankr.Mass.1982). For property to be "necessary to an effective reorganization," within the meaning of Section 362(d)(2)(B), the debtor must show that an effective reorganization is realistically possible. *In Re Pappas*, supra, at 666. The mere fact that the property is indispensable to the Debtor's survival is insufficient. *In Re Discount Wallpaper Center, Inc.*, 19 B.R. 221, 222 (Bankr.M.D.Fla.1982). The Court is convinced that the Debtor (1) cannot provide the Movants adequate protection, (2) has no equity in the mortgaged property, and (3) cannot continue as a viable business, so that the property would be necessary for a successful reorganization. *In Re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984).

Based on the foregoing, the Court concludes as follows:

## CONCLUSIONS OF LAW

1. The Debtor has no equity in the lease, furniture, fixtures and other property. Movants have sustained the burden of establishing that the Debtor lacks equity in the property. Section 362(d)(2)(A).

2. The interests of the Movants are not adequately protected by the Debtor. Debtor has not sustained its burden of proving that it has furnished Movants with adequate protection.

3. There is no likelihood that a successful plan of reorganization will be proposed by the Debtor. Debtor has failed in its burden of proving that the property in question is necessary to an effective reorganization. Section 362(d)(2)(B).