In re **TRITON/RICHMOND ASSOCIATES LIMITED PARTNERSHIP, a Virginia limited partnership, Debtor.**

**CRESTAR BANK, Trustee, Plaintiff,**

v.

**TRITON/RICHMOND ASSOCIATES LIMITED PARTNERSHIP, a Virginia limited partnership, Defendant.**

**Bankruptcy No. 89–01166–RS.**
**Adv. No. 89–0332–RS.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Aug. 2, 1989.

---

Robert D. Perrow, Williams, Mullen, Christian & Dobbins, P.C., Richmond, Va., for plaintiff.

Ann E. Schmitt, Hazel, Thomas, Fiske, Beckhorn & Hanes, Washington, D.C., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court upon the motion of Crestar Bank ("Crestar") seeking relief from the automatic stay imposed by 11 U.S.C. § 362(a) to foreclose on real property and equipment of the debtor. Finding Crestar's interest to be adequately protected, and finding that the property in question is necessary for the effective reorganization of the debtor, the Court has denied Crestar's motion.

## FINDINGS OF FACT

On December 1, 1985, the Richmond Redevelopment and Housing Authority ("RRHA") issued Multi–Family Housing Revenue Series A Bonds (the "Bonds") in an aggregate principal amount of $7,000,-000 for the purpose of making a loan to the debtor. The debtor used the loan proceeds to finance the acquisition and rehabilitation of two multi-family residential rental properties ("the Property") located in the City of Richmond. The two properties involved are townhouse-apartment complexes known commonly as "Warwick Place" and "Berkeley Place."

Upon issuance of the Bonds on December 20, 1985, the debtor delivered to RRHA a nonrecourse promissory note (the "Note"), dated December 1, 1985, under which the debtor promised to pay $7,000,000 plus interest at 10.5% per annum over a twenty-year term. The Note is interest-only, with principal and unpaid accrued interest becoming due on December 1, 2005.

The Note is secured by a deed of trust ("the Deed of Trust") properly recorded in the Clerk's Office of the City of Richmond. Under the terms of the Deed of Trust, the debtor granted Crestar a security interest in the Property, as well as in certain personal property and fixtures.

In addition, the debtor executed an assignment of rents and leases ("the Assignment") under which the debtor assigned to Crestar all the rents and income generated by the Warwick Place and Berkeley Place apartments. This Assignment was properly recorded in the land records of the City of Richmond on December 20, 1985.

The Property appears to be subject to additional liens and encumbrances, including a second deed of trust in the amount of $1,250,000.

On January 24, 1989, several months prior to the filing of the debtor's petition, Crestar exercised its rights under the Assignment, and began collecting rents gen-

erated by both apartment complexes. At that time, Crestar took possession of the Property and placed its own management company, Amurcon Realty Corporation ("Amurcon") in charge of operating the complexes. Amurcon continues to operate the Property today.

Since the filing of the petition on May 18, 1989, the debtor has been in the unusual position of being a debtor-out-of-possession. As stated above, in January of 1989 Crestar took possession of the Property and began collecting rents. Concurrently with the motion for relief from stay, the Court heard Crestar's motion under 11 U.S.C. § 543(d) requesting authority to retain possession of the Property as a custodian. The Court denied this motion without prejudice and without deciding the issue of whether Crestar is a "custodian" within the meaning of 11 U.S.C. §§ 101(10) and 543.

In addition, the Court entertained the debtor's motion requesting authority to use cash collateral in which Crestar has an interest, namely the rents and profits from the apartment complexes. The Court granted the debtor's request, but conditioned the use of Crestar's cash collateral upon the provision of adequate protection. As adequate protection the Court ordered that Crestar be permitted to remain in possession of the Property and to continue to operate the complexes pursuant to its management contract with Amurcon.

Crestar's motion for relief from stay was filed on May 18, 1989, the same day on which the debtor's Chapter 11 case commenced. The Court held a preliminary hearing on the motion on June 13, 1989, and at that time scheduled a final hearing for June 26, 1989. At the conclusion of the final hearing the Court took the matter under advisement. For its motion, Crestar contends that relief from stay should be granted because 1) Crestar's interest is not adequately protected, and/or 2) the debtor lacks equity in the Property and the Property is not necessary for an effective reorganization. As a preliminary matter, the Court notes that the debtor concedes that it does not possess any equity in the Property.

## CONCLUSIONS OF LAW

11 U.S.C. § 362(d) provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic stay] ... (1) for cause, including the lack of adequate protection ... or (2) ... if the debtor does not have an equity in [the subject] property; and such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). As stated above, the debtor in this case concedes that it presently possesses no equity in the Property. Thus, only two issues remain for the Court's consideration. First, does "cause," which includes a lack of adequate protection of Crestar's interest, for lifting the stay exist? And second, is the Property necessary for an effective reorganization? Each of these issues will be addressed below.

### A. Adequate Protection

■ At the time of the filing of the debtor's petition, as well as at the time of the hearings on Crestar's motion for relief from stay, Crestar was in possession of the Property and was operating the apartments through Amurcon, its chosen management company. Furthermore, pursuant to the Court's order conditioning the debtor's use of cash collateral, Crestar will be permitted to maintain possession and management control of the Property as a measure of adequate protection.

Of course, "adequate protection" for purposes of a cash collateral order is distinct from adequate protection in the context of a motion for relief from stay. The Court in this case, however, is convinced that Crestar's interest in the Property is adequately protected within the meaning of § 362(d)(1) by Crestar's continued possession and control of the Property. As the operator of the apartments, Crestar has the ability to ensure that the Property is adequately maintained, taxes paid, apartments rented, and rents collected.

This Court has previously found that adequate protection of a secured creditor's

interest in residential property under construction existed where the debtor assured that insurance would be maintained, taxes paid, and the physical integrity of the property safeguarded. *In re Kanawha Trace Development Partners*, 87 B.R. 892 (Bankr.E.D.Va.1988). Here Crestar needs no such assurances. As the party in possession of the Property it can protect itself.

The Court believes that its finding that Crestar's interest is adequately protected is entirely consistent with, and supported by, the decision of the United States Supreme Court in the *Timbers* case. *United Savings Ass'n. v. Timbers of Inwood Forest*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). In *Timbers*, the Supreme Court stated that the interest in property which is entitled to adequate protection is simply the value of the secured creditor's collateral. The right to immediately foreclose and the right to the time-value of money lost through delay of foreclosure are not interests which can be protected under the guise of "adequate protection." Here, Crestar has made no showing that the value of the Property is declining. In fact, as the party in possession Crestar is in the best position to insure that a decline in value resulting from physical deterioration of the Property or lack of management skill is avoided.

Having concluded that Crestar does not lack adequate protection of its interest in the Property, and no other "cause" being found, the Court cannot grant the relief requested under § 362(d)(1).

### B. Necessary To An Effective Reorganization

Crestar does not seriously contest that, in a literal sense, the Property is undoubtedly necessary to any conceivable reorganization of the debtor. The two apartment complexes constitute the debtor's sole assets, and the debtor's only business is the operation of these rental units. Instead, Crestar asserts that relief is appropriate because there is not a reasonable likelihood that an effective reorganization will occur within a reasonable time.

■ The Court agrees with Crestar's contention that to successfully defend a request for relief under § 362(d)(2) a debtor must prove that a reasonable likelihood exists that an effective reorganization can be achieved within a reasonable period of time. *Grundy National Bank v. Tandem Mining Corp.*, 754 F.2d 1436, 1440 (4th Cir.1985), rev'd on other grounds, *United Savings Ass'n v. Timbers of Inwood Forest*, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). The debtor is not required, however, to demonstrate that it has actually proposed a plan of reorganization acceptable to its creditors. Rather, the debtor need show only that there is a reasonable probability that it will be able to propose a plan that will result in a successful reorganization.

The Supreme Court commented on the fact that relief from the automatic stay based upon a lack of a likelihood of a successful reorganization may be appropriate at any point in the proceedings, even during the initial four-month period in which the debtor has the exclusive right to file a plan. *Timbers, supra*, 108 S.Ct. at 632–33. The Court also noted, however, that during the exclusivity period "bankruptcy courts will demand less detailed showings." *Id.* at 632.

■ Bearing in mind that the test should be applied with some degree of liberality in the early stages of a Chapter 11 proceeding, especially where, as here, the motion for relief was filed the same day that the order for relief was entered, the Court finds that the debtor has successfully met its burden of showing a reasonable likelihood that a successful reorganization can be achieved within a reasonable time. Based upon the evidence presented at the preliminary and final hearings, the Court cannot say that the debtor's contemplated proposals for reorganization are "mere financial pipe dream[s]." *In re Dublin Properties*, 12 B.R. 77, 81 (Bankr.E.D.Pa. 1981).

Given the deferential standard being applied, the Court finds that the debtor provided credible, if not particularly detailed, evidence of its efforts to obtain additional

**768**

financing for the apartment projects, and of its plans to possibly convert the townhouse apartments to condominiums. The Court emphasizes that its denial of Crestar's request for relief is without prejudice to Crestar's right to renew its motion at a later date. For the present, however, the debtor has made an adequate showing of a reasonable likelihood that a successful reorganization may be achieved. As such, the Court has denied Crestar's request under § 362(d)(2).

An appropriate Order has previously issued.