**In re CRESCENT BEACH INN, INC., Debtor.**

**Richard A. DAVIS, Plaintiff,**

**v.**

**CRESCENT BEACH INN, INC., Defendant.**

**and**

**CRESCENT BEACH INN, INC., Plaintiff,**

**v.**

**Richard A. DAVIS, Defendant.**

**Bankruptcy No. 182–00194. (Formerly 282–00112).**

**Adv. No. 182–0120. (Formerly 282–0168).**

**Adv. No. 182–0121. (Formerly 282–0103).**

**United States Bankruptcy Court, D. Maine.**

**July 23, 1982.**

Bruce A. Coggeshall, George J. Marcus, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for plaintiff.

Peter S. Plumb, Clarke C. Hambley, Murray, Plumb & Murray, Portland, Me., for debtor/defendant.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The plaintiff, Richard A. Davis, filed a "Complaint for Relief from Stay" on May 28, 1982. A pre-trial conference was held on June 16, 1982 and the final hearing was held on June 24, 1982. Both parties filed briefs thereafter.[1]

The debtor, Crescent Beach Inn, Inc., is a corporation in the hotel and restaurant business. It owns an ocean-front inn plus several cabins. The plaintiff claims to hold several mortgages on the debtor's real estate, and seeks relief from the automatic stay of 11 U.S.C. § 362(a) to foreclose upon his mortgages.

The plaintiff argues only that he is entitled to relief from stay pursuant to 11 U.S.C. § 362(d)(2), which states in part:

the court shall grant relief from the stay ... with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

The court finds that the value of the debtor's real estate is $385,000, accepting the debtor's estimate. That estimate was based upon an informal appraisal of the debtor's property made in November, 1981, plus certain improvements made to the property after the appraisal.

For the purposes of this decision only, the court finds that the real estate is encumbered with the following security interests:

| | |
|---|---|
| Depositors Trust Company | $211,916.44 [2] |
| Town of Cape Elizabeth | 7,500.00 |
| B–D Food Services, Inc. | 2,442.97 |
| Internal Revenue Service | 22,528.62 |
| Subtotal | $244,388.03 |

In addition to the above, the plaintiff argues that he holds secured claims of approximately $167,000, and that Barbara Davis holds a secured claim of $30,000.

The plaintiff holds four mortgages on the debtor's real estate. The first mortgage, dated December 13, 1980, was granted in return for plaintiff's guarantee of the debtor's $60,000 secured loan from Depositors Trust Company. The court has included the $60,000 security interest of Depositors Trust Company in the subtotal above, and therefore will not also include plaintiff's $60,000 mortgage securing, in effect, the same debt.

The plaintiff has three other mortgages on the debtor's real estate, each accompanied by a $50,000 promissory note. These mortgages and notes are dated and the mortgages were recorded as follows (the date of filing of debtor's chapter 11 petition was March 15, 1982):

| | Dated | Recorded |
|---|---|---|
| 1st Mortgage | January 2, 1981 | January 13, 1981 |
| 2nd Mortgage | March 30, 1981 | June 18, 1981 |
| 3rd Mortgage | December 7, 1981 | December 30, 1981 |

It appears that the transfer of the second and third mortgages may be preferences under 11 U.S.C. § 547. Pursuant to 11 U.S.C. § 547(e)(2)(B), a transfer is made at the time it is perfected, if the transfer is perfected more than 10 days after it takes effect between the transferer and the transferee. Here, the second mortgage was transferred on June 18, 1981, within one year of the date of filing. The third mortgage was transferred December 30, 1981, within 90 days of the date of filing. The plaintiff appears to be an insider as defined in 11 U.S.C. § 101(25). Pursuant to section 547(b), both transfers may be preferences.[3]

---

1. Consolidated with Richard Davis' Complaint for Relief from Stay is the debtor's Complaint for Declaratory Relief. This opinion decides only the former.

2. Depositors Trust Company's security interests cover all of the debtor's assets. *See* Debtor's Petition, Schedule A–2.

3. Each note recites that it is secured by a real estate mortgage of even date, and further states it is given "for value received." The court treats the consideration given by plaintiff underlying these notes as the antecedent debt owed by the debtor on account of which the mortgages were transferred.

In order to avoid a transfer as a preference, however, it is necessary to show, *inter alia,* that the transfer was made while the debtor was insolvent. 11 U.S.C. § 547(b)(3). A debtor is presumed to be insolvent during the 90 days preceding the date of filing. 11 U.S.C. § 547(f). The court is not persuaded[4] that the plaintiff's mortgage dated December 7, 1981 and recorded on December 30, 1981 is enforceable, and therefore does not include it in computing the debtor's equity in the real estate. For the purposes of this opinion only, the court determines that the plaintiff's secured interest in the debtor's real estate is $100,000 plus interest and attorney's fees.

Barbara Davis, also an insider of the debtor, holds a mortgage on the debtor's real property dated April 30, 1980, securing a debt of $30,000. This mortgage was recorded on June 18, 1981 (within one year of filing). The evidence indicates, however, that the debtor received no consideration from Barbara Davis in return for this mortgage.[5] Rather, Barbara Davis loaned money to Donald Davis which he used to purchase the debtor's stock. Allegedly, to secure this *personal* loan, the debtor granted Barbara Davis a mortgage on corporate owned real estate. For purposes of this opinion only, the court is not persuaded that Barbara Davis holds an enforceable security interest in *debtor's* real estate.

■ Even assuming that plaintiff's secured claim approximates $125,000 including interest and attorney's fees, the secured debt totals approximately $370,000, less than the value of the property. The court concludes that plaintiff has failed to prove lack of equity for the debtor in the real estate.

■ Assuming, however, that the debtor had no equity, the court would find that the real estate is necessary for an effective reorganization. The plaintiff concedes that no reorganization of the debtor will be possible without the real estate, but argues that the debtor failed to prove that there is a reasonable probability of an *effective* reorganization. *See In re Clark Technical Associates Ltd.,* 9 B.R. 738, 740, 3 C.B.C.2d 905 (Bkrtcy.D.Conn.1981); *In re Hutton-Johnson Co., Inc.,* 6 B.R. 855, 860 (Bkrtcy.S. D.N.Y.1980). In determining this issue, the court notes that there are serious questions as to whether much of the alleged secured debt discussed above could be avoided as preferences, or be equitably subordinated. Should these transfers be set aside, the secured debt would be substantially reduced. Donald Davis' testimony indicates that there is a reasonable probability that the debtor could service such a reduced debt. The court finds that the real estate is necessary to an effective reorganization.[6]

■ While the plaintiff has not argued the issue of adequate protection, the court finds that the plaintiff is adequately protected. The court notes that Depositors Trust Company's mortgages are secured not only by the debtor's real estate, but by all the debtor's property.[7] More importantly, the debtor is making monthly payments on the Depositors Trust Company mortgages, and there is no evidence that the debtor's real property is depreciating. Thus, it ap-

---

4. The plaintiff has the burden of proving lack of equity in the debtor's property. 11 U.S.C. § 362(g)(1).

5. The court here takes judicial notice of judicial actions previously undertaken in these proceedings. *See In re Maplewood Poultry Co.,* 2 B.R. 545, 546 (Bkrtcy.D.Me.1980). In particular, see this court's Memorandum of Decision *In re Crescent Beach Inn, Inc.,* 22 B.R. 155, 156 (Bkrtcy.D.Me.1982).

6. The court notes that any party-in-interest, including the plaintiff, is now free to file a proposed plan of reorganization. The court

agrees with plaintiff that in this case "[g]ood, old fashioned competition between the Debtor and other interested parties for the filing of a plan ... [will] clearly serve the fair and efficient administration of justice." The fact that any party may now file a plan strengthens the court's estimation that an effective plan of reorganization is reasonably probable.

7. Evidence was introduced showing that the debtor owns other assets worth over $30,000. Any amount realized from these assets by Depositors Trust Company would reduce its interest in the real estate.

pears that plaintiff's collateral is neither decreasing in value nor being consumed during the stay. *See In re Pine Lake Village Apartment Co.*, 19 B.R. 819, 8 B.C.D. 1402 (Bkrtcy.S.D.N.Y.1982).

The plaintiff's Complaint for Relief from Stay is denied. Enter order.