**In re Jack YANKS and Ruth Yanks, Debtors.**

No. 83–01923–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

Feb. 3, 1984.

Myles G. Cypen, Miami Beach, Fla., Louis Phillips, Miami, Fla., for creditor Marion Sarnoff and Flagship Nat. Bank.

Ashley Diener, South Miami, Fla., Maurice Rosen, North Miami Beach, Fla., for debtors.

Sheldon Rosenberg, North Miami, Fla., for creditor Great American Bank of Dade County.

Myrna D. Bricker, Miami, Fla., for creditor Keystone Center, Inc.

ORDER ON MOTION FOR RELIEF

SIDNEY M. WEAVER, Bankruptcy Judge.

This matter is before the Court upon the Motion of MIRIAM SARNOFF and FLAG-SHIP NATIONAL BANK OF MIAMI, as Co-Trustees under the WILL OF ALEX MANSION, DECEASED ("Sarnoff/Flagship"), pursuant to Bankruptcy Rule 4001 et seq., seeking relief from the automatic stay imposed by Section 362 of the Bankruptcy Code, to permit Movants to foreclose their liens against certain real and personal property belonging to the Debtors' estate, which foreclosure suit is now pending in the Circuit Court in and for Dade County, Florida, Case No. 80–15720 CA (23).

FACTS

The Debtors Jack Yanks and Ruth Yanks, filed a petition for relief under Chapter 11 of the Bankruptcy Code on October 20, 1983. The Movants, Sarnoff/Flagship, are one of several secured creditors listed in the schedules.

Hearings were held before the Court on January 10, 1984, and January 12, 1984.

The Court, having heard the testimony of witnesses, argument of counsel, reviewed the pleadings and documentary evidence, and being otherwise fully advised in the premises, finds as follows:

1. The real and personal property upon which Movants, Sarnoff/Flagship, hold a valid first mortgage and liens are:

*Parcel #1*—Debtors' interest in a leasehold estate, with the right of Debtors to use and occupy the real property in accordance with the terms of an existing lease, together with the utilization of the liquor license and personal property located thereon.

Located on said site is a one-story restaurant, known as Hurricane Harbor North.

*Parcel #2*—Unimproved parcel of land held in fee simple title.

2. The restaurant, located at 12415 Biscayne Boulevard, North Miami, Florida, was operated until July 2, 1981, at which time a fire destroyed the operation. The fire damage remains unimproved, with the business inoperative and without any production of income.

3. The total sum due from the Debtors to the Movants under the real estate mortgage and security interest in personal property, together with other costs advanced for insurance premiums, real property taxes, advance for rent on ground lease, and costs incurred in the State Court foreclosure, excluding any allowance of reasonable attorneys' fee, as of January 10, 1984, is the sum of $358,348.46. (Movants' Ex. #16, Hearing 1/10/84)

4. The property of the Debtors is further subject to a valid perfected second lien held by Great American Bank of Dade County, formerly The Second National Bank of North Miami ("GAB"), in the sum of $308,786.60 as of January 10, 1984, reflected in Ex. 10A (GAB, hearing 1/10/84).

5. The Debtors have not made any payments to the Movants, none to GAB, and none to other lien holders since the date of the filing of the petition for relief on October 20, 1983. The outstanding 1983 real and personal property taxes have not been paid. There further remains unpaid the following judgments or liens:

|  | Movants' Exhibits, Hearing 1/10/84 |
|---|---|
| (a) Final Judgment (Miami Purveyors, Inc. vs. Hurricane Corp., a Florida corporation, d/b/a Hurricane Harbor), $1,958.22, plus interest in the amount of $97.90, costs of $32.00, attorney fees $500.00. | Ex. #27 |

       County Court, Dade County
       #80–0341–CC–24
       Entered:    April 8, 1980
       Interest:    6% per year
       Recorded:  April 16, 1980
                OR Book 10718/1596

| (b) Federal Tax Lien Under Internal Revenue Laws – | Ex. #26 |
|---|---|

    Taxpayer:  Hurricane Corp., a corporation
              t/a Hurricane Harbor Restaurant
              12415 Biscayne Boulevard
              North Miami, Florida   33181
              $814.01
Filed:      April 23, 1980
              ORB 10728/1413

| (c) Federal Tax Lien Under Internal Revenue Laws – | Ex. #25 |
|---|---|

    Taxpayer:  Hurricane Corp., a corporation
              t/a Hurricane Harbor Restaurant
              12415 Biscayne Boulevard
              North Miami, Florida   33181
               $7,769.40
Filed:      June 25, 1980
              ORB 10790/159

| (d) Notice of Tax Lien, State of Fla., Dept. of Labor and Employment Security – | Ex. #24 |
|---|---|

Against:   Hurricane Corp., t/a
             Hurricane Harbor Restaurant
             12415 Biscayne Boulevard
             North Miami, FL   33181
             $2,428.25
Filed:      July 2, 1980
              ORB 10797/1398

**396**

(e) Federal Tax Lien Under Internal Revenue Laws –     Ex. #23
Taxpayer: Hurricane Corp., a corporation
         t/a Hurricane Harbor Restaurant
         12415 Biscayne Boulevard
         North Miami, FL   33181
         $1,970.99
Filed:      August 4, 1980
         ORB 10830/73

(f) Federal Tax Lien Under Internal Revenue Laws –     Ex. #22
Taxpayer: Hurricane Corp., a corporation
         t/a Hurricane Harbor Restaurant
         12415 Biscayne Boulevard
         North Miami, FL   33181
         $5,184.03
Filed:      October 23, 1980
         ORB 10907/2104

(g) State of Florida, Department of Revenue (Warrant for     Ex. #21
Collection of Delinquent Sales and Use Tax) –
Taxpayer: (Gallery Restaurant & Lounge Corp.)
         12415 Biscayne Boulevard
         North Miami, FL   33181
         $59,352.85
Filed:      November 24, 1981
         ORB 11279/273

(h) Federal Tax Lien Under Internal Revenue Laws –     Ex. #20
Taxpayer: Hurricane Corp., a corporation
         t/a Hurricane Harbor Restaurant
         12415 Biscayne Boulevard
         North Miami, FL   33181
         $13,720.56
Filed:      February 11, 1980
         ORB 10653/1812

(i) Final Judgment (City National Bank of Miami, etc., vs.     Ex. #18
Eric N. Starr) –

         Circuit Court, 11th Judicial Circuit
         In and For Dade County, Florida
             #79–13942 CA 20
       Entered:   February 22, 1980
             $55,684.78
       Filed:      March 4, 1980
             ORB 10677/212

6. Dennis G. Wilson, the expert witness of Movants, Sarnoff/Flagship, testified that the purpose of his appraisal (Movants' Ex. #28, hearing 1/10/84) was to estimate the market value of the lease advantage in Parcel #1 and the fee value for Parcel #2. Parcel #2, being owned in fee, has a limited use, as parking facilities for the restaurant located in Parcel #1. No figures were available for an income approach since the business has been inoperative since the fire in July 1981. Wilson's valuation being that the lot was valued in the sum of $270,-000.00, with a value placed on the leasehold interest of $185,000.00, for a grand total value of $455,000.00.

7. The Debtor, Jack Yanks, testified that in his opinion the lot was valued at $350,000.00, with a value of between $450,-000.00 and $500,000.00 for the leasehold interest, making a total of between $800,-000.00 and $850,000.00.

8. Mr. Joe T. DePrimo was called by the Debtors as their expert witness; however, after preliminary questions were asked of the witness regarding his expertise as an

appraiser, the Court learned that the witness was a real estate broker and had an interest in the outcome of the proceedings, having a listing for the sale of the property. The Court rejected the witness as a real estate appraiser, however allowing the witness to testify and give his opinion of the value of the property as a real estate broker.

9. The Debtors' witness, Mr. J.T. DePrimo, testified that in his opinion the estimated value of the Debtors' leasehold interest in Parcel #1 (including the business personalty) was valued in the sum of $375,000.00. The value placed on the fee simple interest of the Debtors (Parcel #2) being $330,-000.00, for a grand total of $705,000.00.

## CONCLUSIONS OF LAW

The Court has before it for determination the question of whether it should grant relief from the automatic stay imposed by Section 362(a) of the Bankruptcy Code to permit Movants (Sarnoff/Flagship) to continue their now pending foreclosure action against the real and personal property of the Debtors, Jack Yanks and Ruth Yanks, in the Circuit Court of the 11th Judicial Circuit In and For Dade County, Florida, Case #80–15720 CA (23).

1. Relief from stay is governed by 11 U.S.C., Section 362, which states in pertinent part:

"Section 362. Automatic Stay.

\*     \*     \*     \*     \*     \*

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

"(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

"(2) with respect to a stay of an act against property, if—

"(A) the debtor does not have an equity in such property; and

"(B) such property is not necessary to an effective reorganization.

\*     \*     \*     \*     \*     \*

"(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

"(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

"(2) the party opposing such relief has the burden of proof on all other issues."

2. The first question which the Court must concern itself with being whether the Debtors have any equity in the subject properties. The burden of proof in this regard resides in the party requesting relief. 11 U.S.C., Sec. 362(g). See *In re Bialac*, 15 B.R. 901, 903 (9th Cir. Bkrtcy. App.1981).

The Court has considered the testimony of the witnesses, including the professionals, reviewed the documentary evidence, and so finds that the outstanding balance due to the Movants (Sarnoff/Flagship), as reflected in Movants' (Sarnoff/Flagship) Ex. #16, hearing 1/10/84, of the sum of $358,346.46, must be revised to the sum of $229,375.52, excluding the sum of $128,-972.94, which relates to sums due on the promissory note relating to the personal property under the security agreement.

The Court further finds that the Debtors' interest is further encumbered by the following liens:

(a) Great American Bank of Dade County, formerly The Second National Bank of North Miami (GAB), in the sum of $308,786.12.

(b) Federal Tax Lien, Internal Revenue Service, filed April 23, 1980, in the sum of $814.01.

(c) Final Judgment, Miami Purveyors, Inc., entered April 8, 1980, recorded April 16, 1980, in the principal amount of $1,958.22, plus interest in the amount of $97.90, costs of $32.00, attorneys' fees of $500.00, plus accrued interest.

(d) Federal Tax Lien, Internal Revenue Service, filed June 25, 1980, in the sum of $7,769.40.

(e) State of Florida, Dept. of Labor & Employment Security, filed July 2, 1980, in the sum of $12,428.25.

(f) Federal Tax Lien, Internal Revenue Service, filed August 4, 1980, in the sum of $1,970.99.

(g) Federal Tax Lien, Internal Revenue Service, filed Oct. 23, 1980, in the sum of $5,184.03.

(h) State of Florida, Dept. of Revenue, filed Nov. 24, 1981, in the sum of $59,-352.85.

(i) Federal Tax Lien, Internal Revenue Service, filed Feb. 11, 1980, in the sum of $13,720.56.

(j) Final Judgment, City National Bank of Miami, filed March 4, 1980, in the sum of $55,684.78.

The Court has considered the expert testimony of the professional real estate appraiser of the Movants (Sarnoff/Flagship), Dennis G. Wilson, the testimony of the Debtor, Jack Yanks, and his witness, real estate broker, Joe T. DePrimo, regarding the valuation of the subject property, and the Court finds that the value of the property as set by the Movants' appraiser, Dennis G. Wilson, is low. Further consideration should have been given to the present zoning, as also the benefit from the street improvements and existing utilities. On the other hand, the Court finds that the value set by the Debtor, Jack Yanks, is not completely reliable. This is borne out by the Debtors' own witness, Mr. DePrimo, whose value is approximately $100,000.00 less. The Court further recognizes and finds the Debtors' witness, Mr. DePrimo, not to be a disinterested party, in that he, as a real estate broker, has the listing of the property for sale. The Court rejects the value placed by Mr. DePrimo as being too high. The Court has taken into consideration the present condition of the restaurant, which has been inoperative and without any production of income since the fire in July 1981, plus the time and unknown costs required to restore the restaurant building to operation, and accordingly finds the fair market value to be $600,000.00.

It is the judgment of the Court that the Movants (Sarnoff/Flagship) have sustained their burden of proof on the issue that the Debtors do not have any equity in the property, as required under Sec. 362(d)(2)(A) of the Bankruptcy Code, taking into consideration the value of the property and all encumbrances against it. See *In re Faires,* 34 B.R. 549 (Bkrtcy.W.D.Wash.1983); *In re Trina-Dee, Inc.,* 26 B.R. 152 (Bkrtcy.E.D.Pa. 1983); *In re Koopmans,* 22 B.R. 395 (Bkrtcy.D.Utah 1982); *In re Crescent Beach Inn, Inc.,* 22 B.R. 161 (Bkrtcy.D.Maine 1982); *In re La Jolla Mortgage Fund,* 18 B.R. 283 (Bkrtcy.S.D.Cal.1982); *In re Saint Peter's School,* 16 B.R. 404 (Bkrtcy.S.D.N.Y. 1982); *First Connecticut Small Business Investment Company v. Ruark,* 7 B.R. 46 (Bkrtcy.D.Conn.1980); *In re Dallasta* 7 B.R. 883 (Bkrtcy.E.D.Pa.1980); Note, "Automatic Stay under the 1978 Bankruptcy Code: An Equitable Roadblock to Secured Creditor Relief," 17 San Diego L.Rev. 1113, 1123 (1980).

3. Pursuant to 11 U.S.C., Sec. 362(g)(2) of the Bankruptcy Code, the burden of proof in showing that the property is necessary to an effective reorganization is on the Debtors. The Debtors have not convinced the Court that the subject property is in any way necessary to the operation of the Debtors' business.

The property involved herein is one of eight pieces of non-exempt real estate listed in Schedule B-1 of the Debtors' schedules.

The only testimony offered by the Debtors in regard to the necessity of said property for an effective reorganization was by the Debtor, Jack Yanks. The Debtor, Jack Yanks, testified that in addition to the subject property, the Debtors had between $7 and $8 million dollars worth of other properties. The testimony of Jack Yanks failed to reflect how or why the subject property would be utilized to a successful reorganization. *Barclays Bank of New York, N.A. v. Saypol (In re Saypol),* 10 BCD (CRR) 1057, 1061, 31 B.R. 796 (Bkrtcy.S.D.N.Y.1983).

A "mere financial pipe dream" is insufficient to meet the criterion of Sec. 362(d)(2), *Frankford Trust Co. v. Dublin Properties* (*In re Dublin Properties*), 12 B.R. 77, 81 (Bkrtcy.E.D.Pa.1981). See 2 *Collier on Bankruptcy,* Sec. 362.07(2)(15th ed.).

The Debtors have failed to meet their burden of proof under Sec. 362(g) that the subject property is necessary to an *effective* Chapter 11 reorganization. *In re Fortin* (Bkrtcy.D.Conn.1979) 5 B.C.D. 90 (B.C.Conn. 2/6/79); *In re Terra Mar Associates* (Bkrtcy.D.Conn.1980) 3 B.R. 462; *In re Riviera Inn of Wallingford, Inc.* (Bkrtcy.D. Conn.1980) 7 B.R. 725; *In re Dublin Properties,* 12 B.R. 77, 4 C.B.C.2d 885, 889 (Bkrtcy. E.D.Penn.1981).

4. It is further apparent to the Court, from the testimony and documentary evidence, that relief from the automatic stay must be granted to the Movants (Sarnoff/Flagship) in that said Movants are not adequately protected. 11 U.S.C., Sec. 362(d) provides:

> "On request of a party in interest and after notice and hearing, the Court shall grant relief from the stay . . ., such as by terminating, annulling, modifying, or conditioning such stay—(1) for cause, including lack of adequate protection in property of such party in interest . . . ."

*In re Paradise Boat Leasing Co.,* 5 B.R. 822, 824, 2 C.B.C.2d 1153 (U.S.D.C.V.I. 1980); *In re Sulzer,* 2 B.R. 630, 635, 5 B.C.D. 1314, 1 C.B.C.2d 451, CCH Para. 67340 (Bkrtcy.S.D.N.Y.1980); *First Conn. Small Business Inv. Co. v. Ruark,* 7 B.R. 46, 48, 7 B.C.D. 59 (Bkrtcy.D.Conn.1980). Also see H.R. No. 95–595, 95th Cong., 1st Sess. (1977) 315; S.R. No. 95–989, 95th Cong., 2d Sess. (1978) 83, U.S.Code Cong. & Admin.News, 1978, pp. 5787, 6272.

The evidence before the Court does not reflect sufficient cash flow from the Debtors' business operation to pay for the continuous accrual of interest on the various outstanding promissory notes held by the secured creditors, payment of the accruing real property taxes for the year 1983, and payment of the delinquent ground lease payments, wherein the owner of the ground lease has advised the Court of its termination of the ground lease. The Court has considered the benefits and harms to each party and concludes that just cause exists under Sec. 362(d)(1) for the modification requested by the Movants (Sarnoff/Flagship). See *In re Trident Corp.,* 19 B.R. 956, 958, CCH Sec. 68686 (Bkrtcy.E.D.Pa.1982), aff'd 22 B.R. 491 (U.S.D.C.E.D.Pa.1982); *In re Tucker,* 5 B.R. 180, 183– or, 184, 6 B.C.D. 699, 2 C.B.C.2d 535 (Bkrtcy.S.D. N.Y.1980); *In re 5-Leaf Clover Corp.,* 6 B.R. 463, 466 (Bkrtcy.S.D.W.Va.1980).

Accordingly, it is

ORDERED, ADJUDGED and DECREED that the Motion for Relief from Stay filed by Miriam Sarnoff and Flagship National Bank of Miami, as Co-Trustees under the Will of Alex Mansion, Deceased, be and the same hereby is granted for the purpose of continuing that action pending in the Circuit Court of the 11th Judicial Circuit In and For Dade County, Florida, Case # 80–15720 CA (23), including all counterclaims and crossclaims which the Debtors, Jack Yanks and Ruth Yanks, may have against the Movants (Sarnoff/Flagship).