**In re KORS, INC., Debtor.**

**REXTRUSION SYSTEMS, INC., Plaintiff,**

**v.**

**KORS, INC., Defendant.**

**Bankruptcy No. 80–255.**
**Adv. No. 81–0004.**

United States Bankruptcy Court, D. Vermont.

May 20, 1981.

John Faignant, Rutland, Vt., Arthur J. Homans, Gen. Counsel, New York City, for Rextrusion Systems, Inc.

Paul Kulig, Rutland, Vt., for debtor.

Bernard R. Dick, Rutland, Vt., and William C. Dagger, Lancaster, Ohio, for Howard Bank.

Alan R. Medor, Rutland, Va., for RDIC.

Charles H. Gibbs, Jr., Charleston, S. C., and Dennis I. Greene, Boston, Mass., for First National Bank of Boston.

Andrew R. Field, Montpelier, Vt., for SBIC.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This is an adversary proceeding in which Rextrusion Systems, Inc., formerly known as Reifenhauser U. S. Sales Corp., is seeking relief from the automatic stay, or in the alternative, for adequate protection of its security interest in one Intermat Bottom Seal Bag Machine, serial number 107952.

## FACTS:

Rextrusion sold the machine to the Debtor in May of 1980 for the sum of $120,-000.00. There have been no payments made on the machine since the date of sale. The value of the machine depreciates at the rate of about $17,000.00 a year and $1,400.00 a month even if it is fully maintained.

The Debtor in its Schedules has recognized Rextrusion Systems, Inc. as a secured creditor with a security interest in the Bag Machine so that the only issue for determination is whether or not Rextrusion is entitled to relief from the automatic stay or adequate protection. It is apparent that there is no equity in the machine since the debtor has not made any payments since the date of its purchase of May, 1980 and, therefore, there has been no reduction in the purchase price.

## DISCUSSION:

Under Section 362 of the Bankruptcy Code the filing of a petition operates as an automatic stay, applicable to entities, of any act to obtain possession of property of the estate or of property from the estate, or of any act to create, perfect or enforce any lien against property of the estate. However, on request of a party in interest and, after notice and a hearing, the Court shall grant relief from the stay such as by terminating, annulling, modifying or conditioning such stay with respect to a stay of an act against property if the Debtor does not have an equity in such property and such property is not necessary to an effective reorganization. Section 362(d) of the Code.

In the instant case the Court is satisfied that there is no equity in the property. Rextrusion has carried out its burden for relief under Section 362(d). The party requesting relief has the burden of proof on the issue of the debtor's equity in property and the party opposing relief has the burden on all other issues. Sec. 362(g) of the Code. Therefore, it was incumbent upon the debtor to prove that the bag machine was necessary for an effective reorganization. At an earlier hearing the debtor did represent that the machine was necessary for reorganization but there was no evidence adduced at the hearing which established the need of the property for an *effective* reorganization. Hence the debtor has failed to sustain its burden on this point as required by Sec. 362(g). Kors, Inc. is in the same position as the debtor in the case of *In re Clark Technical Associates, Ltd.*, 9 B.R. 738, where the Court said at page 740:

"The debtor, on the other hand, failed to satisfy its burden of proof, imposed under Code § 362(a)(2), as to all other issues under Code § 362(d). It is not enough for a debtor to argue that the automatic stay should continue because it needs the secured property in order to propose a reorganization. If this were the test all property held be debtors could be regarded as necessary for the debtors' reorganization. The key word under Code § 362(d)(2)(B) is 'effective'; the property must be necessary to an effective reorganization. If all the debtor can offer at this time is high hopes without any financial prospects on the horizon to warrant a conclusion that a reorganization in the near future is likely, it cannot be said that the property is necessary to an 'effective' reorganization. *In re Terra Mar Associates*, 3 B.R. 462 (B.C.Conn.1980); *In re Riviera Inn of Wallingford, Inc.*, [7 B.R. 725] (B.C.Conn.

1980); *In re Hutton-Johnson Co. Inc.*, 6 B.R. 855 (S.D.N.Y. 1980)."

Rextrusion is entitled to adequate protection.

### ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED as follows:

1. The automatic stay shall remain in effect provided that the debtor does pay Rextrusion not later than June 24, 1981 the sum of $9,800.00 representing depreciation at $1,400.00 from the date of the filing of the Petition on November 24, 1980 and provided further that the debtor shall pay to Rextrusion the additional sum of $1,400.00 each and every month beginning July 24, 1981.

2. In the event that the debtor fails to make payment of said sum of $9,800.00 on June 24, 1981 or defaults in the payment of any monthly installment of $1,400.00 on the 24th day of each month thereafter, then the automatic stay shall be considered lifted as of the date of the failure of payment or the date of default and Rextrusion shall be authorized to pursue any remedy it may have for the enforcement of its security interest and/or repossession of the bag machine.