In re MIKOLE DEVELOPERS,
INC., Debtor.

NORTH EAST FEDERAL SAVINGS
AND LOAN ASSOCIATION,
Plaintiff,

v.

MIKOLE DEVELOPERS, INC.,
Defendant.

Bankruptcy No. 81–02053K.
Adv. No. 81–0729K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Oct. 9, 1981.

David S. Fishbone, Philadelphia, Pa., for debtor/defendant.

Mervin J. Hartman, Laurence G. Miller, Philadelphia, Pa., for plaintiff.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue presently before the Court is whether we should grant relief from the automatic stay provisions of section 362 of the Bankruptcy Code (the Code) to permit the plaintiff, North East Federal Savings And Loan Association ("North East") to

foreclose upon commercial property owned by a debtor under Chapter 11 of the Code. We conclude that relief from the § 362 automatic stay should be granted because there exists no equity in the property and such property is not necessary to the debtor's effective reorganization.

The facts of the instant case are uncontroverted and can be simply stated.[1] On May 29, 1980, the debtor, Mikole Developers, Inc., filed a petition for reorganization under Chapter 11 of the Code. The record indicates that the debtor is a corporation engaged solely in the business of owning commercial real estate. The parties agree that debtor's principal asset and sole source of income is an office building located at 8101–07 Castor Avenue, Philadelphia, Pennsylvania. Plaintiff, North East, is the holder of a first mortgage on the aforesaid property. As of June 30, 1981, the total indebtedness due North East was $450,660. Of this amount, $30,441.75 represents the arrearages due plaintiff under the terms of the mortgage. In addition, there exists a second mortgage and lien on the property of approximately $100,000.[2] Finally, as of June 30, 1981, the total amount of outstanding taxes due on the subject property amounts to $35,989.92. The total amount of encumbrances against the subject property exceeds $585,000.

## DISCUSSION

On July 7, 1981, plaintiff, North East, filed a complaint for relief from the automatic stay under section 362 of the Code. Specifically, plaintiff sought relief under section 362(d)(2), which states in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this sec-

tion, such as by terminating, annulling, modifying, or conditioning such stay—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2)(A)(B). Plaintiff does not contend, however, that the automatic stay should be terminated for cause or lack of adequate protection.[3]

## I. LACK OF EQUITY

In a proceeding for relief from the automatic stay, the party requesting such relief has the burden of proof on the issue of the debtor's equity in the property and the party opposing relief has the burden of proof on all other issues, including a showing that the property is necessary for an effective reorganization. 11 U.S.C. § 362(g). *See also, In re Vincent,* 7 B.R. 866 (Bkrtcy., M.D.Fla.1980); *In re Gilece,* 7 B.R. 469 (Bkrtcy., E.D.Pa.1980); *In re Hutton-Johnson Co., Inc.,* 6 B.R. 855 (Bkrtcy., S.D.N.Y. 1980); *In re Anchorage Boat Sales Inc.,* 4 B.R. 635 (Bkrtcy., E.D.N.Y.1980); *In re Sulzer,* 2 B.R. 630 (Bkrtcy., S.D.N.Y.1980).

In determining whether an "equity cushion" exists in the subject property, all encumbrances are totalled, whether or not all the lienholders have joined in the request for relief from the stay. *In re Dallasta,* 7 B.R. 883 (Bkrtcy., E.D.Pa.1980). Neither the amount nor the legitimacy of the encumbrances on the subject property is in dispute.

Both counsel for the creditor and the debtor have submitted written appraisals of the subject property prepared by certified real estate appraisers. Counsel for the creditor submitted an appraisal by George J. Sengpiel dated June 17, 1981. This ap-

1. This Opinion constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752.

2. The record indicates that a second mortgagee, Continental Bank, is secured in the subject property in the amount of $100,000. Continental Bank is not a party in the instant proceeding.

3. Under Section 362(d)(1), the automatic stay could be terminated (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1).

praisal lists the reasonable value of the property as $425,000. In arriving at this figure, the appraiser for the debtor utilized three (3) methods of valuation; the cost approach, a comparison approach and an income approach.

Counsel for the debtor submitted an appraisal prepared by Allen B. Baumholtz dated July 23, 1981. This appraisal lists the market value of the subject property as $600,000. In arriving at this figure, the debtor's appraiser utilized the same three (3) approaches; a cost approach, comparison approach and the income approach.

▮ This Court finds both appraisals to be credible and reliable. The only crucial difference between appraisals is the value they attribute to the subject property. This Court recognizes that the valuation of property is not an exact science and where differences in valuation exist, they are largely attributable to difference in professional opinion. *See, In re Gustav Schaefer Co.*, 103 F.2d 237 (6th Cir. 1939). *See also, In re Rogers Development Corp.*, 2 B.R. 679, 5 B.C.D. 1392 (Bkrtcy., E.D.Va.1980). This Court finds, therefore, that the fair market value of the subject property is somewhere in between the $600,000 valuation of the debtor and the $425,000 valuation of the creditor. Further, we find that a valuation of $512,000, for the purposes of this proceeding, to be reasonable in light of the present factual circumstances.[4] Total encumbrances on the subject property exceed $585,000 and a reasonable valuation of the property is $512,000. Accordingly, we conclude that the creditor has met its burden by establishing a lack of equity in the subject property.

## II. *NECESSARY FOR EFFECTIVE RE-ORGANIZATION*

Although there is no equity in the subject property, that factor alone is insufficient to grant relief from the automatic stay provisions of section 362(d)(2). There must be a showing, the burden being on the debtor, that there is a reasonable possibility of a successful reorganization within a reasonable time. *In re Pleasant Valley, Inc.*, 6 B.R. 13, 18 (Bkrtcy., D.Nev.1980). *See also, Vincent, supra,* 7 B.R. at 866; *In re Johnson*, 6 B.R. 100 (Bkrtcy., S.D.Fla.1980) (in addition to absence of equity, there must be a showing that such property is not necessary to an effective reorganization before the stay can be lifted).

Counsel for the debtor argues that the automatic stay should be continued because it needs the secured property in order to propose a reorganization. Further, counsel for the debtor argues that he "believes" the debtor can generate enough cash from operating the subject property to pay all arrearages not only owing to the plaintiff, but also the other secured creditor and the tax authorities in a relatively short time period. Yet, counsel for the debtor gives us no evidence as to how this result is to be achieved.

▮ The mere fact that the property is indispensable to the debtor's survival, or that the property is needed in the debtor's business is insufficient, without more, to deny relief from the automatic stay where there is an absence of an "equity cushion". There must be a showing by the debtor that the property is "essential" to an effective reorganization and that there is a reasonable prospect for a successful reorganization of the going concern. This is fully supported by substantial case law and commentary. *See, In re Clark Tech. Associates, Ltd.*, 9 B.R. 738 (Bkrtcy., D.Conn.1981); *In re Riviera Inn of Wallingford, Inc.*, 7 B.R. 725 (Bkrtcy., D.Conn.1980); *Gilece, supra,* 7

---

**4.** A $512,000 valuation of the subject property is further supported by the fact that the appraisal of the creditor utilized a $10.00 per square foot figure in arriving at a valuation under the income approach. The expert testimony of creditor's appraiser indicates a charge of $10.00 per square foot is generous in light of the prevailing per square footage rentals in the area of the subject property. Finally, the expert testimony of creditor's appraiser indicates that the current interest rates have decreased valuations substantially in the commercial real estate market. The $512,000 is a fair and reasonable valuation in light of both appraisals and the expert testimony presented.

B.R. at 469; *Pleasant Valley, supra*, 6 B.R. at 13; *In re Hanson Dredging, Inc.*, 6 B.R. 230 (Bkrtcy., S.D.Fla.1980); *Hutton-Johnson, supra*, 6 B.R. at 855; *In re Antilles Yachting, Inc.*, 4 B.R. 470 (Bkrtcy., D.V.I. 1980); *Anchorage, supra*, 4 B.R. at 641; *In re Castle Ranch*, 3 B.R. 45 (Bkrtcy., S.D.Cal. 1980); *In re Terra Mar Associates*, 3 B.R. 462 (Bkrtcy., D.Conn.1980); *In re Paradise Boat Leasing Corp.*, 2 B.R. 482, 5 B.C.D. 1122 (Bkrtcy., D.V.I.1979); *In re Goundhog Mountain Corp.*, 1 B.C.D. 923, 926 (S.D.N.Y. 1975). In other words, the debtor's high hopes for reorganization or need alone for the property is not the sine qua non under section 362(d)(2). *See, Riviera, supra*, 7 B.R. at 725 (D.Conn.1980); *Pleasant Valley, supra*, 6 B.R. at 13; *Anchorage, supra*, 4 B.R. at 641; *Paradise*, 2 B.R. at 482. It is clear that debtor's operations are not presently profitable and in all likelihood will not be profitable in the course of the next several months. Also, in light of the facts presented, it is not realistic to assume that an effective reorganization is possible. Counsel for the debtor's unsupported averment that the property can, in a short time, generate enough cash flow to satisfy all arrearages to all creditors is entirely too slim a reed upon which this Court should exercise its discretion to keep the plaintiff at bay while the creditor continues to pray.

Since the debtor does not have any equity in the property in question, as required under § 362(d)(2)(A), and since the property is not necessary to an "effective" reorganization within the meaning of § 362(d)(2)(B) because no reorganization appears likely, this Court must lift the automatic stay.