In re Allen J. **SMITH**, Patricia A. Smith, and Allen J. Smith, t/a A.J.'s Restaurant, Debtors.

**Bankruptcy No. 83–04542 T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 10, 1984.

Joseph S.U. Bodoff, Philadelphia, Pa., for debtors.

Mark G. Yoder, Reading, Pa., for American Bank.

### MEMORANDUM AND ORDER

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this Chapter 11 case, the American Bank and Trust Company of Pennsylvania ("American Bank") has, pursuant to section 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d), brought a motion for relief from the automatic stay as to the debtors' real property.[1] American Bank has a mortgage

ruptcy Rule 7052.

and four judgment liens against said property. As of the date of the hearing on this matter, the parties agreed that the balance due on the mortgage was $39,944.25, and the balance due on the four judgment liens totalled $44,242.87, for a total secured indebtedness of $84,187.12. The parties also agree that the property is worth $62,500.00. The debtors have claimed an exemption of $15,736.00 in the property.

American Bank argues, *inter alia*, that it is entitled to relief from the stay pursuant to § 362(d)(2) because the debtors have no equity in the property and the property is not necessary to an effective reorganization. As to the equity question, it is obvious, as American Bank points out, that the total debt secured by the property far exceeds the value of the property. Therefore, we find that the debtors have no equity in the property. The debtors' argument to the contrary is that all but $6,819.75 of the judgment liens are subject to avoidance pursuant to sections 506 and 522(f) of the Bankruptcy Code, 11 U.S.C. §§ 506 and 522(f), and that the debtors' claimed exemption should be considered as equity. We cannot accept this argument, however, because, for present purposes, it is sufficient to note that the debtors had not filed any lien avoidance actions as of the date of the hearing.

As to the "effective reorganization" issue, the debtors, of course, have the burden of proof. 11 U.S.C. § 362(g). While we sympathize with their plight, the debtors have presented no evidence "that there is a reasonable possibility of a successful reorganization within a reasonable time." *In re Mikole Developers, Inc.*, 14 B.R. 524, 526 (Bankr.E.D.Pa.1981).[2]

For the foregoing reasons, American Bank shall be granted relief from the automatic stay pursuant to § 362(d)(2) of the Bankruptcy Code.

---

**2.** Because we have found that American Bank is entitled to relief from the stay pursuant to § 362(d)(2), we need not consider American Bank's contention that it is likewise entitled to such relief pursuant to § 362(d)(1).