In re SLATE BELT VEHICLE RECY-
CLING CENTER, INC., Debtor.

Joseph H. BEERS and Mildred E.
Beers, Plaintiffs,

v.

SLATE BELT VEHICLE RECYCLING
CENTER, INC., Defendant.

Bankruptcy No. 83–00520 T.

Adv. No. 83–0978.

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 19, 1984.

Alfred S. Pierce, Easton, Pa., for plaintiffs.

David A. Martino, Bangor, Pa., for defendant.

MEMORANDUM AND ORDER

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this Chapter 11 case, the plaintiffs have, pursuant to section 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d), filed a complaint seeking relief from the automatic stay as to the debtor's real property.[1]

The evidence shows that the plaintiffs hold a first mortgage against the debtor's real property and that the amount owed pursuant to the mortgage is in excess of $293,000.00. It is undisputed that the fair market value of the property is $154,500.00 or less. It is also clear from the record that the debtor does not have "a reasonable possibility of a successful reorganization within a reasonable time." *In re Mikole Developers, Inc.*, 14 B.R. 524, 526 (Bankr. E.D.Pa.1981). In this regard, the debtor has not operated its business in over four years and has not demonstrated any reasonable possibility that it can do so in the future.

Based upon the foregoing, it would appear that the plaintiffs are entitled to relief under § 362(d)(2) of the Bankruptcy Code, 11 U.S.C. § 362(d)(2). However, the debtor argues that it is entitled to a setoff of the mortgage debt of such magnitude that the remaining mortgage debt, if any, would be less than the fair market value of the property, thereby giving the debtor equity in the property and a valid defense under § 362(d)(2) to the plaintiffs' complaint.

The debtor's claimed setoff arose in connection with a zoning dispute between the debtor and Washington Township, North-

---

1. This Memorandum constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

ampton County, Pennsylvania, the Township in which the subject real property of the debtor is located. Following extensive and unsuccessful negotiations to resolve the zoning dispute, the matter was litigated. On April 18, 1980, the Court of Common Pleas of Northampton County ruled in favor of the debtor's right to operate its business on the subject real property. Following denial of the Township's motion for reconsideration, the Township, on May 14, 1980, filed an appeal with the Commonwealth Court of Pennsylvania.

On May 30, 1980, well before the Commonwealth Court rendered its decision, the final agreement (after well over a year of negotiations) for the transfer of the property from the plaintiffs to the debtor was signed by the parties and consummated by the transfer of the deed, the payment of monies, and the execution of the mortgage. However, on April 23, 1981, the Commonwealth Court reversed the decision of the Common Pleas Court, thereby precluding the debtor from operating its business on the subject real property. Further legal action by the debtor on this matter was unsuccessful.

The debtor argues that the Commonwealth Court reversed because of its determination that the plaintiffs had previously violated the Township's subdivision ordinance by conveying portions of its real property to persons other than the debtor without obtaining Township approval. Without delving into the details of this state court litigation, we shall assume *arguendo* that the debtor has correctly interpreted the Opinion of the Commonwealth Court. The debtor claims that the issue of the plaintiffs' prior conveyances was not litigated in the Common Pleas Court and was not properly raised in either the Common Pleas Court or the Commonwealth Court. Therefore, contends the debtor, we should find the plaintiffs responsible for the debtor's inability to use the property it purchased from the plaintiffs in the form

of a setoff of the mortgage debt in an amount commensurate with the harm caused to the debtor.

We shall not, however, permit any setoff to the mortgage debt. Well before the end of 1979, the debtor and its counsel, as well as the Township, were aware of the plaintiffs' prior conveyances.[2] The debtor and its counsel were also aware at that time that the Township had taken the position that these prior conveyances were violations of the Township subdivision ordinance and that this was one of the arguments that the Township would use against the debtor in state court. We cannot hold the plaintiffs responsible for the debtor's open-eyed error in judgment in consummating its transaction with the plaintiffs prior to the ultimate resolution of its lawsuit with the Township.

Therefore, we shall grant to the plaintiffs relief from the automatic stay pursuant to § 362(d)(2) of the Bankruptcy Code.

---

**2.** The plaintiffs took the position that their prior conveyances had not violated the Township sub-    division ordinance.