In re Irwin W. ENGLE and Grace E. Engle, jointly and individually, t/a Banner View Farms, Debtors.

Bankruptcy No. 83–04619 T.

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 9, 1985.

Richard A. Umbenhauer, Nikolaus, Hohenadel, Chesters & Umbenhauer, Lancaster, Pa., for debtors.

Mark G. Yoder, Bingaman, Hess, Coblentz & Bell, Reading, Pa., for American Bank & Trust Co. of Pa.

Dale E. Lapp, Barley, Snyder, Cooper & Barber, Lancaster, Pa., for the Official Committee of Unsecured Creditors.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The American Bank and Trust Company of Pennsylvania ("Bank") has filed, pursuant to section 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d), a motion for relief from the automatic stay as to the Chapter 11 debtors' real property. The debtors oppose the motion. For the following reasons, we shall grant to the Bank its requested relief from the automatic stay.[1]

The real property in question is farm land, with improvements thereon, upon which the debtors continue to operate their dairy farming business. The Bank has a first mortgage and various other mortgages and judgment liens against the subject property. As of the date of the final hearing on this matter, the aggregate secured debt owed to the Bank by the debtors pursuant to all of the aforementioned liens was $1,057,577.64. This amount was comprised of a principal balance of $854,202.41 and accrued interest of $203,375.23. The foregoing amounts are undisputed. It is also undisputed that the fair market value of the real property is more than $100,000.00 less than the aggregate secured debt of $1,057,577.64 and that, therefore, the debtors have no equity in the property.

Section 362(d)(2) of the Bankruptcy Code, 11 U.S.C. § 362(d)(2), states:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— ...

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

■ Given the debtors' lack of equity in the subject property, the Bank is entitled to stay relief under § 362(d)(2) if the property is not necessary to an effective reorganization. The debtors have the burden of proof on this effective reorganization issue. 11 U.S.C. § 362(g). In order to prevail on this issue, the debtors must prove that the subject property is necessary to effect a reorganization and that there is a reasonable probability of a successful rehabilitation within a reasonable time. *In re Gilece*, 7 B.R. 469, 472 (Bankr.E.D.Pa.1980); *In re Trina-Dee, Inc.*, 26 B.R. 152, 155 (Bankr.E.D.Pa.1983); *See also In re Mikole Developers, Inc.*, 14 B.R. 524, 526 (Bankr.E.D.Pa.1981); 2 *Collier on Bankruptcy* Paragraph 362.07[2], at 362-53 and 54 (15th ed. 1985).

■ In the present case, it is clear that the debtors cannot effect a reorganization without the subject property. The critical issue thus becomes whether there is a reasonable probability that the debtors can successfully rehabilitate their dairy farming business within a reasonable time.

At the hearing on this matter, the Bank presented convincing and uncontradicted evidence that the debtors' dairy herd is carrying secured debt of almost $7,000.00 per head, whereas the general rule in the dairy industry is that a dairy herd's milk

---

**1.** This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

production capabilities cannot be expected to amortize a debt which exceeds $2,500.00 of debt per head. The debtors did not present any evidence to indicate that their dairy herd was significantly more productive than the typical dairy herd nor that their dairy operation was significantly more efficient than the typical dairy operation. The debtors' only response in this regard was their expectation that their herd would increase in number within several months. However, even if this expected, but far from certain, increase would occur, the herd would still carry debt of more than $5,000.00 per head. We find that even this latter amount would result in a debt ratio which would make it impossible for the debtors to fund both their obligations to the Bank and their other expenses.

The Bank also presented extensive evidence regarding the debtors' financial situation since before the debtors' November 30, 1983 bankruptcy filing, which occurred on the eve of a sheriff's sale of the subject property pursuant to the Bank's state mortgage foreclosure action. In short, this evidence shows that the debtors' financial problems have been plaguing them for several years and have resulted in the large and continuing delinquencies in their obligations to the Bank. There is nothing in the record of the debtors' past performance, through the present time, which would indicate that their business can survive in the face of the aforementioned current debt ratio or even the more favorable debt ratio projected by the debtors. To the contrary, this evidence lends further support to the Bank's contention that the debtors' dairy farming operation is far from being an exception to the aforementioned usual debt ratio strictures.

In the face of the convincing evidence presented by the Bank, the debtors have not presented any substantial evidence to show that they can successfully operate their business while funding their large obligations to the Bank. The debtors argue in their brief that a proposed sale of property, a possible refinancing of debt, and a possible voluntary moratorium on payments by a substantial number of unsecured creditors would be the basis for the debtors' successful rehabilitation of their business. However, the record is devoid of any evidence to support any of these proposals and possibilities. Therefore, even apart from their speculative nature, we cannot accept these unsupported averments as probative on the issue of the debtors' effective reorganization. *See In re Mikole Developers, Inc., supra,* 14 B.R. at 526–27. We also note that the debtors have not filed a Chapter 11 plan of reorganization and that the Official Committee of Unsecured Creditors, an intervenor in this matter, specifically supports the Bank's contention that it is entitled to stay relief under § 362(d)(2).

For all of the foregoing reasons, we conclude that there is not a reasonable probability that the debtors can successfully rehabilitate their dairy farming business within a reasonable time and that, therefore, the Bank shall be granted relief from the automatic stay as to the debtors' real property pursuant to 11 U.S.C. § 362(d)(2).