### In re James Douglas BURNETT, Debtor.

### Bankruptcy No. 86 B 20486.

United States Bankruptcy Court, N.D. Illinois, W.D.

June 17, 1986.

---

**110**

Sarah S. Hirsen & Robert S. Minetz, Chicago, Ill., for the Travelers Ins. Co.

Bernard J. Natale, Rockford, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This cause comes before the Court on the Motion of The Travelers Insurance Co. (Travelers) to Terminate the Automatic Stay. The Debtor is represented by Attorney Bernard J. Natale. Travelers is represented by Attorney Robert S. Minetz and Attorney Sarah S. Hirsen.

This Memorandum Opinion and Order shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The facts as adduced at trial and appear in the record are as follows: The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on April 9, 1986. The Debtor is engaged in the business of farming. He has secured debts of approximately $754,600. He has unsecured debts of $750,000, $400,000 of which is owed to the Debtor's parents. Travelers has a first mortgage on all of Debtor's real estate, 252 acres of farmland, which is valued at $382,500. He also owns personal property, consisting of grain bins, which are secured by the Hinckley State Bank.

Travelers brings this cause solely under Section 362(d)(2) of the Bankruptcy Code. Section 362(d)(2) provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annuling, modifying, or conditioning such stay—

\* \* \* \* \* \*

(2) With respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. Section 362(d)(2).

There is no dispute that the Debtor has no equity in his property. Travelers argues that the Debtor has no reasonable chance to reorganize and, therefore, the property is not necessary to an effective reorganization. The Debtor argues that he has a reasonable chance to reorganize.

In *In re Mikole Developers, Inc.*, 14 B.R. 524 (Bankr.E.D.Penn.1981), the court found that in order for property of the debtor to be necessary to an effective reorganization, the debtor must show that "there is a reasonable prospect for a successful reorganization of a going concern.... Counsel for the debtor's unsupported averment that the property can, in a short time, generate enough cash flow to satisfy all arrearages to all creditors is entirely too slim a reed upon which this Court should exercise its discretion to keep the plaintiff at bay while

the creditor continues to pray." 14 B.R. at 526–27.

In *In re Greiman*, 45 B.R. 574 (Bankr.N. D.Iowa 1985), the court found that the evidence directly contradicted the debtors' projections. The farming practices used by the debtors were resulting in a severe erosion problem. Consequently, the evidence showed that not only could the debtor's land not support projected increases in production, the evidence showed that production would decrease. Therefore, the debtor had no reasonable possibility to reorganize.

In the case at bar, the Debtor introduced more than unsubstantiated representations of counsel that reorganization was possible. Instead, the Debtor introduced evidence that the land could provide a basis of reorganization. First, the land has been rented for the current planting season in the amount of $34,000. In the coming years, the Debtor plans to plant the farm with equipment borrowed from his parents and friends. Secondly, the Debtor currently has 120,000 bushels of unused storage space in his grain bins. There is a shortage of storage in the DeKalb County area, and such space can be rented for 25 cents to 30 cents per bushel. This would result in income of $30,000 to $36,000 per year for the Debtor. Additionally, cement has been laid for a 165,000 bushel grain bin. The cost of completing the bin is $60,000, and the Hinckley State Bank has expressed an interest in financing the venture. The resulting gross income to the Debtor would be $41,250 to $49,500 per year.

The case at bar is very similar to a recent case which came before this Court, *In re Robinson*, (Bankr.N.D.Ill.W.D.1985) (unpublished). In that case, this Court dismissed the Debtor's Chapter 11 case pursuant to Section 1112 of the Code. This Court found that the Debtors had no chance to reorganize and there would be continuing loss to the estate. The Debtors appealed. The District Court reversed. The District Court found that dismissal of the case, sixteen days after filing, was premature, and that there should be a "guarantee to the debtors, absent some showing [of] an abuse of the

statute, the change to bring at least one plan of reorganization before the bankruptcy court."

The case at bar is two months old. The Court is not overly optimistic about the Debtor's chances of reorganization. However, the Debtor has shown that the property can be productive. He should be given an opportunity to propose a plan of reorganization.

IT IS SO ORDERED.