**In re Howard LANE, Sr., Debtors.**

**Bankruptcy No. 82–00412.**

United States Bankruptcy Court,
D. Hawaii.

Jan. 19, 1988.

Cuyler Shaw, Honolulu, Hawaii, Wayne McClasky, Orange, Cal., for creditor.

Eric Kawatam, Kenneth Hoo, Honolulu, Hawaii, for debtors.

**MEMORANDUM DECISION RE: OBJECTION TO PROOF OF CLAIM FOR DAVIDSON**

JON J. CHINEN, Bankruptcy Judge.

On January 4, 1988, a hearing was held on the objections to the Proofs of Claim filed by Hugh Loring McCormick and Ha-

rold Davidson & Associates, Inc., two appraisers. Present were Wayne I. McClaskey, Esq., attorney for Bettie J. Lane, a creditor ("Creditor Lane"), who filed the objections, Cuyler Shaw, Esq., attorney for Howard Thomas Lane, Sr., ("Debtor"), Eric T. Kawatani, Esq. and Kenneth Hoo, Esq. attorneys for Harold Davidson & Associates, Inc. ("Davidson") and Curtis Ching, Esq., attorney for Hugh Loring McCormick ("McCormick").

This Memorandum Decision deals with the objection to the claim of Davidson.

Lane contends that Davidson did not properly appraise the property, that it provided conflicting appraisal testimony, that the amounts billed and paid are conflicting and that Davidson's services did not benefit Debtor's estate. Creditor Lane thus contends that Davidson is not entitled to the amount requested.

Based upon arguments of counsel, the records in the file, and being fully apprised in the premises, the Court renders this Memorandum Decision.

## FINDINGS OF FACT

1. On or about November 1981, Professor Peter Mylnaryk, an M.A.I., was contacted by Davidson to perform appraisal and valuation services for Debtor and Howard T. Lane Company, a California Corporation ("Lane Company"), with regard to the assets and real properties held by said corporation.

2. Professor Mylnaryk did perform the appraisal services requested and his research, data, and opinions were used in the Multiple Property Appraisals dated May 27, 1982 prepared by Davidson for Lane's attorney, Daren Johnson ("Johnson").

3. In addition to performing appraisal services for Lane and of the Lane Company, Prof. Mylnaryk provided extensive and detailed consultation to Lane and Johnson with regard to the following:

a. Providing critiques of some 32 previous appraisals of the subject properties for which the Professor did not do the original appraisal work;

b. Providing evaluations and critiques of the testimonies of and aiding in the preparation of examination of other real estate and business valuation expert witnesses after each day of trial in the lawsuit between Creditor Lane and Debtor in Orange County Superior Court, State of California;

c. Providing expert testimony on behalf of Lane with regard to the valuation of the various properties owned by Lane and/or Lane Company;

d. Providing day by day assistance to Johnson and Lane in their trial preparation prior to and during the afore-described trial;

4. During the course of his performance of the appraisal work, the Professor was directed by Johnson to value a certain Citrus Property, referred also as the Sunkist Property, situated at Port Hueneme, County of Ventura, State of California, according to a comparable sales approach utilizing only comparable sales which occurred prior to the date of valuation.

5. Creditor Lane contends that Prof. Mylnaryk did not properly appraise the property in dispute, because he used only comparable sales which occurred prior to the date of valuation. However, the California Evidence Code cited by Creditor Lane provides that an appraiser may use comparable sales "before or after the date of valuation." There is no mandate that the appraiser use both comparable sales before and after the date of appraisal. It is optional. And it should be noted that the Professor was directed to use only comparable sales prior to the date of valuation.

6. Creditor Lane also contends that Davidson had provided conflicting appraisal, that in 1976 it appraised the Sunkist Property at $3,000,000.00 but that in 1982, through Prof. Mylnaryk, it appraised the property at $750,000.00. However, Davidson explained as follows: that the 1976 appraisal was based upon the land residual theory, with the assumption that the highest and best use of the property was for a hotel use; and (2) that the later appraisal was based on a comparable sales method, with the Professor determining that it was

not probable that the property could be rezoned from industrial use to hotel use.

7. With reference to the objection to the billing, Davidson's explanation of its billings is as follows:

a. Davidson contends that it has performed various appraisal services for Debtor since 1980. Davidson had three separate billing accounts for Lane which were paid through Johnson of the law firm of LaFollette, Johnson, Shroeter & DeHaas which represented Lane.

b. The first of the accounts was for an appraisal of the so-called "Sunkist Property" situate at Port Hueneme, California. This account was billed and paid for in 1981 for the sum of $5,500.00. The second account was for the review and critique of 32 previously done appraisals of various properties. This account was billed twice for the sum of $6,978.00 and $3,250.00 and paid for in 1981. None of these accounts are outstanding and Davidson's present claim does not arise from these accounts.

c. Davidson's present claim arises from the third account established in 1982 for multiple property valuations including the valuation of Lane's California corporation, Howard T. Lane Company. The appraisal services rendered included substantial and constant litigation support and preparation for the benefit of Lane and Johnson in that certain lawsuit by Bettie J. Lane against Lane in the Orange County Superior Court, California. The total amount billed in this third account was the sum of $73,685.00 and the total amount paid on said account is the sum of $48,515.00, leaving an outstanding balance of $25,170.00. This balance is the subject of the present dispute.

8. Finally, with reference to Creditor Lane's objection that the Professor's services did not benefit Debtor's estate, Davidson points to attorney Johnson's affidavit where he states that, because of the Professor's testimony, the jury rejected the testimony of Creditor Lane's expert that the property was valued at $7,000,000.00 and awarded Creditor Lane $2,077,000.00, instead of a larger sum.

## CONCLUSIONS OF LAW

■ 1. Filing of a Proof of Claim is prima facie evidence of the claim. Bankruptcy Rules 3001. The burden is then on the one opposing the Proof of Claim to come forward to rebut the presumption, at which time, the proponent must then go forward with his evidence.

2. Appraisal is not an exact science. It is a matter of opinion based upon the education and training of the appraiser. *In re Mikole Developers*, 14 B.R. 524 (Bkrtcy.E. D.Pa.1981); *In re Development, Inc.*, 36 B.R. 998 (Bankr. HI 1984). Thus, two qualified expert appraisers, using the same method of appraisal, may arrive at extreme ends in appraising the same parcel of land. Appraiser A may appraise Whiteacre at $100,000.00; Appraiser B may appraise it at $500,000.00. Thus, it is the trier of facts who must determine which testimony is more reliable. It cannot be said that A is absolutely correct or that B is absolutely wrong.

■ 3. It was not erroneous for Prof. Mylnaryk to use only comparables sales which had occurred before the appraisal date. The California Code clearly stated that the use of the comparable sales which occurred after the appraisal date was discretionary. It was the trier of fact to determine the weight to be given to the Professor's testimony, in light of the fact that he had not relied upon comparable sales which occurred after the date of appraisal.

4. In addition, it must be noted that the Professor was under instructions of Debtor's counsel to use only comparable sales that occurred before the date of valuation. To punish an appraiser because he had followed instructions of his client's counsel is not appropriate.

5. The Court finds that the explanation of the billing is satisfactory. Applicant is applying only for services rendered in 1982, not 1981. And the remaining balance claimed by Davidson is $25,170.00.

6. The $3,000,000.00 appraisal by Davidson in 1976 was based on the assumption that the highest and best use of the proper-

ty being appraised was as a hotel use. This property was then zoned for industrial use. And, in 1982, Prof. Mylnaryk determined that it was not probable that the property could be rezoned from industrial use to hotel use. Thus, he appraised the property for industrial use and, based upon the comparable approach, arrived at a value of $750,000.00.

7. Creditor Lane's appraiser estimated the value of the property at $7,000,000.00. However, the jury awarded her $2,075,000.00. It can only be concluded that the jury did give some weight to Prof. Mylnaryk's estimate of value. Thus, in reducing Creditor Lane's claim, the Professor's testimony was of benefit to Debtor's estate.

■ 8. An appraiser's fee is not based upon the outcome of the litigation. If the appraiser has performed his duties according to the recommendation of the American Institute of Real Estate Appraisers, he has done a proper job and should be compensated. The Professor has properly performed his duties.

■ 9. An appraiser, like an attorney and other professionals, must submit adequate time sheets to justify the fees requested. In the instant case, Davidson merely submitted the number of hours Prof. Mylnaryk had spent on behalf of Debtor. The services were rendered prepetition and it was not known to the Prof. Mylnaryk that his fees would be ultimately paid by Debtor's estate. Thus, he may not have retained detailed time sheets. However, the Court is still entitled to know how he spent his billable hours. Were they for conferences? If so, with whom? How much time was spent on testifying? How much time was spent as a consultant in the courtroom or on other matters? These are some of the questions that he must answer.

The Court will grant Davidson 21 days from the date of this Order to submit a proper time sheet. Otherwise, the Court will rule without the said time sheet.

So Ordered.